422 A.2d 667

**COMMONWEALTH of Pennsylvania**

v.

**Simon F. OSTOLAZA, Appellant.**

Superior Court of Pennsylvania.

Argued March 10, 1980.

Filed Nov. 14, 1980.

**2.** *Quinn v. Pittsburgh*, 243 Pa. 521, 90 A. 353 (1914).

Thomas G. Klingensmith, Assistant Public Defender, Lancaster, for appellant.

Ronald L. Buckwalter, District Attorney, Lancaster, for Commonwealth, appellee.

Before SPAETH, BROSKY and VAN der VOORT, JJ.

BROSKY, Judge:

Appellant was convicted of robbery. He appealed to this court, and we remanded to the trial court, after reversing the robbery conviction, to sentence the appellant on a lesser included offense of theft. *Commonwealth v. Ostolaza*, 267 Pa.Super. 451, 406 A.2d 1128 (1979).

The trial court imposed the same sentence as it gave at the original trial. Appellant now appeals contending that a conviction of the lesser offense on remand requires the trial court to supply him a lesser sentence. This is not so.

In *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 152 (1977), the Pennsylvania Supreme Court held that a trial court may sentence defendant within the limits of punishment permitted under the offense for which he has been convicted to be determined by judging society's needs for retribution and the defendant's needs for rehabilitation. The trial court is to state its reasons for sentencing. Thus, defendant receives individualized sentencing. The procedure, if followed, will be "left undisturbed on appeal because

the trial court is in a far better position to weigh the factors involved in such a determination." *Commonwealth v. Martin*, 466 Pa. 118, 132, 351 A.2d 650, 657 (1976).

Theft is a misdemeanor offense of the first degree. 18 Pa.C.S.A. § 1104 provides that a sentence for such a crime shall not exceed five years.

Appellant has not alleged any fault with the trial court's sentencing colloquy nor has he directed us toward any error in that court's reasoning. We, therefore, assume Ostolaza has no dispute with the procedures followed by the trial court. The sentence imposed is well within the limits of punishment for a misdemeanor of the first degree.

The trial court has not abused its discretion.

Judgment affirmed.