531 A.2d 492

**COMMONWEALTH of Pennsylvania**

v.

**Fonza Harry BLACK, Appellant.**

Superior Court of Pennsylvania.

Submitted April 21, 1987.

Filed Sept. 22, 1987.

Barry F. Feudale, Shamokin, for appellant.

John P. Muncer, Assistant District Attorney, Sunbury, for Com., appellee.

Before POPOVICH, JOHNSON and HESTER, JJ.

POPOVICH, Judge:

This is an appeal from the judgment of sentence which was imposed upon appellant, Fonza Black, after he entered a plea of guilty to robbery (18 Pa.C.S.A. § 3701), false imprisonment (18 Pa.C.S.A. § 2903), and criminal mischief (18 Pa.C.S.A. § 3304). We must modify the sentence in part and deny appellant permission to appeal in part for the reasons herein stated.

The record reveals the following scenario:

On November 9, 1984, appellant received consecutive prison sentences of not less than three (3) nor more than eight (8) years for robbery, not less than one (1) nor more than two (2) years for unlawful restraint and a fine of $100.00 for criminal mischief. An appeal followed, and we remanded the matter for resentencing because the trial court erred in applying the deadly weapons enhancement section of the sentencing guidelines, 204 Pa.Code, Ch. 303, Section 303.4. *Commonwealth v. Black*, 355 Pa.Super. 369, 513 A.2d 475 (1986).

On August 26, 1986, appellant was resentenced to consecutive terms of two and one-half (2½) to eight (8) years for robbery, one (1) to two (2) years for unlawful restraint, and a fine of $100.00 for criminal mischief. A timely motion for modification of sentence was denied, and this appeal followed.

Appellant raises the following issues: (1) whether the trial court erred in applying deadly weapons enhancement because the court increased appellant's original sentence and violated the double jeopardy clause in resentencing; (2) whether the trial court abused its discretion in unreasonably deviating from the sentencing guidelines by sentencing within the guidelines at the initial sentencing and outside the guidelines upon resentencing; and (3) whether the trial court erred by sentencing and resentencing appellant for the crime of unlawful restraint when appellant entered a plea of guilty to the crime of false imprisonment.

■ Recently, our Supreme Court addressed the jurisdictional issues surrounding an appeal which raises sentencing issues and said that "[a]ppellate review of sentences is governed statutorily by Subchapter G of the Sentencing Code, 42 Pa.C.S.A. § 9781." *Commonwealth v. Tuladziecki*, 513 Pa. 508, 510, 522 A.2d 17, 18 (1987). If a sentence is legislatively permitted, the legality of the sentence is not implicated, and the appeal is discretionary. On the other hand, if the legality of sentence is implicated, then an appeal can be taken as of right under 42 Pa.C.S.A. § 9781(a) which provides:

> (a) Right to appeal.—The defendant or the Commonwealth may appeal as of right the legality of the sentence.

Our Supreme Court also has elaborated on the discretionary aspects of an appeal and held that "[i]t is only where a party can articulate reasons why a particular sentence raises doubts that this scheme as a whole has been compromised that the appellate court should review the manner in which the trial court exercised its discretion." *Commonwealth v. Tuladziecki*, 513 Pa. at 515, 522 A.2d at 20.

■ However, because appellant raises issues which involve the legality of sentence, we are able to address those issues. Appellant contends that the trial court violated his double jeopardy rights when he was resentenced. This contention must be rejected because appellant's aggregate sentence on remand (3½ to 8 years) does not exceed the original sentence (4 to 8 years). See *Commonwealth v. Ford*, 315 Pa.Super. 281, 461 A.2d 1281 (1983).

■ Additionally, appellant contends that he was sentenced illegally because the trial court sentenced him on the charge of unlawful restraint when he entered a plea of guilty to false imprisonment. The trial court said in its opinion that "the use of the term Unlawful Restraint instead of False Imprisonment did not prejudice the Defendant as the proper section of the Crimes Code was listed." Trial Court's Opinion at 2–3.

Because the incorrect crime was listed below, this error should be corrected. See *Commonwealth v. Johnston,* 348 Pa.Super. 160, 168, n. 10, 501 A.2d 1119, 1123 n. 10 (1985) affirmed (Slip Opinion, J. 68/87, filed August 5, 1987) ("this Court has the option of remanding for resentencing or amending the sentence directly.") (citation omitted). We, however, need not remand for resentencing because the trial court indicated that the appellant was not prejudiced because "the proper section of the Crimes Code was listed." See Trial Court's Opinion at 2–3. Additionally, although the crime of false imprisonment (18 Pa.C.S.A. § 2903), a misdemeanor of the second degree, is a lesser included offense of the crime of unlawful restraint, a misdemeanor of the first degree, the trial court is not required to supply appellant with a lesser sentence. See *Commonwealth v. Ostolaza,* 282 Pa.Super. 43, 422 A.2d 667 (1980) (resentencing was not required where a defendant received the same sentence as was imposed at the original trial notwithstanding the fact that the more serious robbery conviction was reversed on appeal, and the conviction for the lesser included offense of theft remained).

In this case, appellant received a sentence of not less than one (1) year nor more than two (2) years, which is within the limits of punishment for a misdemeanor of the second degree. 18 Pa.C.S.A. § 106 provides that the sentence for such a crime shall not exceed two (2) years in prison.

■ With respect to the other issue which appellant raises, we deny appellant permission to appeal this issue. According to appellant, the trial court abused its discretion in unreasonably deviating from the sentencing guidelines by sentencing appellant within the guidelines at the initial sentencing and outside the guidelines upon resentencing. However, because this issue challenges the discretionary aspect of appellant's sentence and because appellant failed to set forth in his brief that a substantial question was presented, this defect prevents us from granting appellant's petition to appeal this issue. See *Commonwealth v. Tuladziecki,* 513 Pa. at 511, 522 A.2d at 19 ("the appellant is to

430

supply his brief, with argument on the merits of the question, at the same time as he provides his concise statement of the reasons relied upon for allowance of appeal.")

We must modify the sentence in part and must deny appellant permission to appeal in part.

JOHNSON, J., concurs in the result.