Commonwealth *v.* Hermankevich, Appellant.

198

Argued November 10, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and CERCONE, JJ. (SPAULDING, J., absent).

*Sallie Ann Radick,* Assistant Public Defender, with her *John J. Dean,* Assistant Public Defender, and *George H. Ross,* Public Defender, for appellant.

*Robert L. Campbell,* Assistant District Attorney, with him *Carol Mary Los,* Assistant District Attorney,

and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., December 13, 1971:

Following pleas of guilty, appellant, on March 27, 1969, was sentenced to consecutive three-to-six-year terms on each of the following indictments—Nos. 24, 25, 44, and 45 February Session, 1969, charging armed robbery—and to each sentence the following was added: "and acc. to Act July 30, 1968—not less than 5 years or more than 10 years in Western Penitentiary in addition to above sentence . . ."

Similar sentences were imposed on indictments 46 and 47 February Sessions, 1969, including the additional 5 to 10 years. However, the sentences were made to run concurrently with the first of those previously mentioned, i.e., 24 February Session, 1969.

Subsequently, on November 7, 1969, after the sentencing judge realized that there had been no separate indictments to support the additional 5 to 10 year sentences added to his primary sentences, he vacated all the sentences imposed on March 27, 1969, and resentenced the defendant on each of the six indictments to three to six years, the sentences to run consecutively. Consequently, the result of his action, after eliminating the improper 5 to 10 year additional sentences in each case, was to increase the combined sentence from a minimum of 12 years to a maximum of 24 years to 18 minimum and 36 years maximum.

It is the appellant's present position that the new sentence is illegal and a violation of appellant's constitutional rights since it imposes a greater sentence than was originally imposed for the armed robbery charges. He relies on *North Carolina v. Pearce,* 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969). Therein the United States Supreme Court said, at page 726, ". . . that whenever a judge imposes a more severe

sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal."

Although *North Carolina v. Pearce,* supra, relates to a new sentence following a new trial and the present case relates to a correction of an illegal sentence, this distinction is not sufficient reason to disregard the mandate of *Pearce.*

Our consideration of this appeal can be limited to the sentences on indictments 46 and 47, which were changed from concurrent sentences to consecutive ones. Except for the elimination of the 5 to 10 year additional sentences in each case, no other changes were made in the other indictments.

The lower court justifies its action in making this change on the assumption that the sentences imposed on each date, originally in March and subsequently in November, constituted separate but consolidated sentences; and therefore the sentences imposed in March constituting a total of 64 years, including the illegal addition of 40 years for the use of firearms, were not increased since the new total maximum amounted to only 36 years. We cannot accept this theory.

Each sentence is separate and it is only for the purpose of aiding the authorities in determining eligibility for parole that sentences are lumped. Act of June 25, 1937, P. L. 2093, No. 420, §1, 19 P.S. §897. *Commonwealth ex rel. Tiscio v. Burke,* 173 Pa. Superior Ct. 350, 98 A. 2d 760 (1953). Such a lumped sentence is illegal. *Commonwealth v. Harrison,* 142 Pa. Superior Ct. 453, 16 A. 2d 665 (1940).

Thus we return to the basic issue of whether a court after term time has the power to change a sentence originally made to run concurrently with other sentences to one running consecutively. On the basis of *Pearce,* the correcting of a mistake made by the court in adding the additional 5 to 10 year terms is not sufficient. As we understand *Pearce,* such a change must concern identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. None is present here.

To say that the change of these concurrent sentences to consecutive ones, adding 12 years to the maximum terms which form the basis for his parole or discharge, is not an increase in his sentence, needs no argument. Therefore, it appears that there is no need to remand this record to the lower court for the necessary correction in the sentences imposed on November 7, 1969. The sentences on indictments 46 and 47 February Sessions, 1969, are hereby corrected in the particular that each shall be concurrent with the sentence imposed at No. 24 February Session, 1969, as established in the original sentence of March 27, 1969, and not consecutive to the respective sentences at Nos. 45 and 46 February Sessions, 1969, imposed on November 7, 1969. See *Commonwealth v. Harrison,* supra.

Accordingly, the judgments of sentence in 46 and 47 February Sessions, 1969, are amended as herein set forth, and, as amended, they are affirmed. Further, the sentences imposed at 24, 25, 44, and 45 February Sessions, 1969, on November 7, 1969, are affirmed.