Commonwealth *v.* Spitler, Appellant.

Submitted March 27, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*William C. Haynes,* for appellant.

*Ronald L. Buckwalter,* Assistant District Attorney, and *D. Richard Eckman,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., June 21, 1974:

The Appellant, Paul L. Spitler, files the instant appeal after his Petition under the Post Conviction Hearing Act (hereinafter referred to as PCHA) was denied. The Court below denied this Petition without appointing counsel for Appellant or holding a hearing.

The Appellant's PCHA Petition alleged a claim of double jeopardy. Without enumerating the details, it is sufficient to note that Spitler's essential argument is that he originally was sentenced to serve a 6 to 12 month prison sentence *concurrently* with a sentence he was already serving on another unrelated offense.[1] It is then alleged that his sentence was amended over a year and a half later to a *consecutive* sentence to be served at the completion of the sentence on which the Appellant

---

[1] A claim which Appellant alleges is supported by the original commitment papers.

was already confined; a claimed violation of our Court's holding in *Commonwealth v. Hermankevich,* 220 Pa. Superior Ct. 197, 286 A. 2d 644 (1971).

The lower court, in dismissing Appellant's Petition without a hearing noted that: "The defendant complains that he was originally sentenced to the above sentence, except that it was effective as of January 11, 1969. Actually this sentence did appear on the docket, but was found to be in error and was corrected by the Clerk on February 14, 1969. The blotter kept by the Clerk clearly shows that the defendant's sentence was to begin at the expiration of the sentence he was presently serving, but this sentence was incorrectly entered on the docket to begin on January 11, 1969."[2]

Our review of the record provided to this Court reveals no reference to the clerk's actions on February 14, 1969. It is therefore impossible for us to pass upon the lower court's findings in this particular. It is also unclear whether such information came to the lower court by way of ex parte communication with the clerk, or by other means. The record in our court also contains a form from the Deputy Clerk of Quarter Sessions of the Lancaster County Court which for some unexplained reason certifies the sentence one year to the day after the alleged date of sentencing. Further, it is noted that there are interlineations on the face of the photostatic copy of the docket page (in the sections dealing with sentencing) which was furnished to this court in the record. Lastly, no notes of testimony from the sentencing hearing are contained in the record.[3]

In light of the confusing state of the present record, it is impossible for our court to afford this appeal an adequate review. It is apparent that the transcribed

---

[2] So far as we can ascertain, the record contains no copy of the blotter kept by the clerk.

[3] Appellant, in his brief, states that he has tried without success to procure such notes of sentencing.

notes of the sentencing hearing, if they are available, could resolve this matter. Appellant's counsel should be afforded an opportunity to review such notes. If a review of such notes and the whole record does not clearly resolve this matter to the lower court's satisfaction, the correct procedure would require that a hearing be held on Appellant's Petition. At such a hearing, the Petitioner and the Commonwealth would both have an opportunity to furnish documents and testimony, and to challenge evidence presented by the other party in order to provide a sufficient record for appellate review, if such becomes necessary.

Reversed and remanded with a procedendo.