Commonwealth *v.* Taylor, Appellant.

Submitted September 8, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*David E. Auerbach,* Assistant Public Defender, and *Kenneth P. Barrow,* Public Defender, for appellant.

*Vram Nedurian, Jr.,* and *Ralph B. D'Iorio,* Assistant District Attorneys, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., February 2, 1976:

The appellant pled guilty to Bill No. 90 March Term, 1973 and Bill No. 457 December Term, 1973. The two indictments involved separate violations of The Controlled Substance, Drug, Device and Cosmetic Act.[1] On January 18, 1974, he was sentenced to a term of imprisonment of two to four years on each indictment, the terms to run concurrently. On March 1, 1974, appellant filed a motion with the lower court to correct the sentences imposed on the ground that the sentences were illegal.[2] This motion was denied on August 1, 1974. An appeal was taken to this Court, however, by stipulation of counsel, the case was remanded for correction of sentence. On March 7, 1975, the lower court revoked the unlawful sentences. The appellant was then sentenced on Bill No. 90 March Term,

---

1. Act of April 14, 1972, P.L. 233, No. 64, §13(a)(12), *as amended,* 35 P.S. §780-113(a)(12) (Supp. 1975-76) (acquisition or obtaining of possession of a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge).

2. The appellant contended that under The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, No. 64, §13, *as amended,* 35 P.S. §780-113 (Supp. 1975-76) the maximum penalty for a first offender was imprisonment not exceeding one year or a fine or both. Subsection (b) of Section 13 of the Act provides that a second offender shall be sentenced to imprisonment for a term not exceeding three (3) years or to pay a fine not exceeding twenty-five thousand dollars ($25,000.00) or both. The appellant urged in his motion below that a second offender was one who had committed a violation *subsequent to a prior conviction.* He contended that the Act provides for an enhanced penalty only after a prior conviction, and not for several consecutive violations without an intervening conviction.

1973, to a one (1) year term of imprisonment. A similar sentence was imposed on Bill No. 457 December Term, 1973. However, unlike the original sentence, the sentence imposed on Bill No. 457 December Term, 1973 was made to run consecutive to the sentence on Bill No. 90 March Term, 1973. On appeal from this sentence the appellant contends that the decision of the lower court to make the one (1) year terms of imprisonment run consecutively is unfair and prejudicial.

The essence of the appellant's contention is a claim of double jeopardy. The issue properly framed, and narrowly applied to the facts of this appeal, is whether or not there is infirmity of constitutional proportion in the lower court's decision, upon remand for correction of an unlawful sentence, to make the terms of imprisonment on the separate indictments run consecutively, when, initially, the terms of imprisonment were concurrent. We find nothing constitutionally suspect in the lower court's action and affirm the judgment of sentence.

Any contention that the appellant was twice placed in jeopardy when the lower court changed the terms of imprisonment from concurrent to consecutive must be scrutinized in light of *North Carolina v. Pearce*, 395 U.S. 711 (1969), the seminal case involving a claim of double jeopardy. Our Supreme Court has summarized the import of *North Carolina v. Pearce,* supra, in *Commonwealth v. Allen,* 443 Pa. 96, 100-101, 277 A.2d 803, 805 (1971):

> "Following an unbroken line of cases, the Supreme Court in *Pearce* concluded that the double jeopardy provision does not bar a more severe sentence upon reconviction following the accused's successful appeal. Nonetheless, the Supreme Court held: (1) *'Due process of law* . . . requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial,' 395 U.S. at 725; and (2) the

*increase* must be justified and predicated upon intervening conduct by the defendant after the first trial and before the second. Realizing that it would be most difficult to establish such motivation, the Supreme Court enunciated a prophylactic rule: 'whenever a judge imposes a *more severe sentence* upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.' 395 U.S. at 726. See, also, Wood v. Ross, 434 F.2d 297 (4th Cir. 1970) ; United States v. Gambert, 433 F.2d 321 (4th Cir. 1970) ; Tipton v. Baker, 432 F.2d 245 (10th Cir. 1970) ; People v. Payne, 18 Mich. App. 42, 170 N.W.2d 523 (1969)." (emphasis added).

As noted in *Commonwealth v. Allen,* supra, *North Carolina v. Pearce,* supra, considered the issue of double jeopardy in the context of a "more severe sentence upon reconviction following the accused's successful appeal." Instantly, we consider the double jeopardy proscription in the context of correcting an unlawful sentence. However, the applicability of *North Carolina v. Pearce,* supra, to the instant appeal is established by *Commonwealth v. Hermankevich,* 220 Pa. Superior Ct. 197, 200, 286 A.2d 644, 646 (1971) wherein we noted that "[a]lthough North Carolina v. Pearce, supra, relates to a new sentence following a new trial and the present case relates to a correction of an illegal sentence, this distinction is not sufficient reason to disregard the mandate of Pearce."

The mandate of *North Carolina v. Pearce,* supra, is clear. A "more severe" sentence cannot constitutionally be imposed unless reasons based upon objective information of identifiable conduct by the defendant after the original sentencing are made a part of the record. No such reasons are found in the record before us. Therefore, we must determine whether the change to con-

secutive sentences was in fact a "more severe" sentence in violation of due process.

The instant appeal presents this issue in the context of a procedural and factual pattern which has heretofore not been considered by this Court or our Supreme Court.[3] However, the Ninth Circuit in *United States v. Clutterbuck*, 445 F.2d 839 (9th Cir.), *cert. denied*, 404 U.S. 858 (1971) had occasion to consider this issue in the following context. The appellant was convicted of theft of government property in excess of one hundred dollars ($100.00) in violation of 18 U.S.C. §641. He was given concurrent sentences of ten years on each of four counts and on one count he was fined ten thousand dollars ($10,-000.00). On appeal from this sentence the Ninth Circuit found that the Government had failed to prove the value of the articles stolen under any count exceeded one hundred dollars, and remanded the matter for resentencing observing that where the value of the property stolen was not shown to be in excess of one hundred dollars, the maximum sanction was a fine of one thousand dollars or imprisonment for one year or both. *United States v. Clutterbuck*, 421 F.2d 485 (9th Cir. 1970). On resentencing the appellant was given four consecutive sentences of one year each and a fine of one thousand dollars on each count.

---

3. In *Commonwealth ex rel. Backus v. Cavell*, 186 Pa. Superior Ct. 48, 50, 140 A.2d 355, 356, *allocatur refused*, 186 Pa. Superior Ct. *xxvii* (1958), we stated: "The correction of the sentence does not constitute double jeopardy, as the manner and order of service have been directed by law." (citations omitted) (per curiam). However, under *Commonwealth v. Hermankevich*, 220 Pa. Superior Ct. 197, 286 A.2d 644 (1971), it is clear that the language quoted above does not foreclose the analysis of the issue before us; the mandate of *North Carolina v. Pearce*, 395 U.S. 711 (1969) is applicable if there is a more severe sentence imposed when the unlawful sentences are corrected.

Further, *Commonwealth v. Hermankevich*, 220 Pa. Superior Ct. 197, 286 A.2d 644 (1971) is distinguishable for reasons that follow in the text.

The appellant filed an appeal contending that "...since *the original sentences on the several counts were concurrent and a fine was imposed on but one count*, the resentencing on a *consecutive basis* and with fines imposed on all counts was improper. All *the judge properly could do on remand, appellant contends, was to reduce the prison sentence to four concurrent terms of one year each* and the *fine to $1,000." United States v. Clutterbuck*, supra at 840. (emphasis added).

The Ninth Circuit observed that the sentences imposed ". . . pursuant to our remand, . . . [were] substantially less than the penalties originally imposed." *United States v. Clutterbuck*, supra at 840. It then noted that in *North Carolina v. Pearce*, supra, ". . . the Court was concerned that the possibility of increased punishment on remand would deter the exercise of appeal rights. Any sentence on remand less severe than the sentence originally imposed would avoid conflict with the *Pearce* rule. See Thurman v. United States, 423 F.2d 988 (9th Cir. 1970)." *United States v. Clutterbuck*, supra at 840.[4]

Likewise, in the instant appeal, *North Carolina v. Pearce*, supra, does not compel us to accept the appellant's contention. The sentences imposed on remand were

---

4. We have not overlooked the concluding language in *United States v. Clutterbuck*, 445 F.2d 839 (9th Cir.), *cert. denied*, 404 U.S. 858 (1971), where the court stated: "[w]ith reference to the terms of our earlier remand, it may be noted that the error which we corrected was not one in determining the proper extent of punishment for a crime the defendant was lawfully found to have committed; rather the error was in determining the dimensions of the crime for which the defendant was punishable. Proceeding afresh is entirely appropriate in such a case, since never had an exercise of the judicial sentencing power and discretion been directed to offenses of the dimensions we found to exist." *Id.* at 840-41. Nevertheless, we are not persuaded that this distinction undermines the essential validity of the holding that any sentence on remand less severe than the original sentence avoids conflict with *North Carolina v. Pearce*, 395 U.S. 711 (1969).

reduced, not increased. Initially, the appellant was sentenced to a maximum term of four years imprisonment. On remand, the appellant's sentence was reduced to a maximum term of two years imprisonment. The sentence on remand was less severe than the sentence originally imposed; *North Carolina v. Pearce,* supra, does not control.

Neither does *Commonwealth v. Hermankevich,* 220 Pa. Superior Ct. 197, 286 A.2d 644 (1971) control the precise issue presented. *Commonwealth v. Hermankevich,* supra, applied the mandate of *North Carolina v. Pearce,* supra, to the correction of an illegal sentence. The pertinent facts were summarized as follows:

"Following pleas of guilty, appellant, on March 27, 1969, was sentenced to consecutive three-to-six year terms on each of the following indictments—Nos. 24, 25, 44 and 45 February Session, 1969, charging armed robbery—and to each sentence the following was added: 'and acc. to Act July 30, 1968—not less than 5 years or more than 10 years in Western Penitentiary in addition to above sentence . . .'

"Similar sentences were imposed on indictments 46 and 47 February Sessions, 1969, including the additional 5 to 10 years. However, the sentences were made to run concurrently with the first of those previously mentioned, i.e., 24 February Session, 1969.

"Subsequently, on November 7, 1969, after the sentencing judge realized that there had been no separate indictments to support the additional 5 to 10 year sentences added to his primary sentences, he vacated all the sentences imposed on March 27, 1969, and resentenced the defendant on each of the six indictments to three to six years, the sentences to run consecutively. Consequently, the result of his action, *after eliminating the improper 5 to 10 year additional sentences in each case,* was to increase the combined sentence from a minimum of 12 years to a

maximum of 24 years to 18 minimum and 36 years maximum." *Commonwealth v. Hermankevich,* supra at 199, 286 A.2d at 645 (emphasis added).

The holding in *Commonwealth v. Hermankevich,* was that the change from concurrent sentences to consecutive sentences, adding 12 years to the maximum terms constituted an increase in sentence. Consequently, absent identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding, the mandate of *North Carolina v. Pearce,* supra, required that the sentences be amended, and as amended, affirmed. *Commonwealth v. Hermankevich,* supra at 201, 286 A.2d at 646.

We do not believe that *Commonwealth v. Hermankevich,* supra, establishes a prophylactic rule that every time a sentence is changed from concurrent to consecutive there is an increase in sentence which mandates the application of the principles of *North Carolina v. Pearce,* supra. In *Commonwealth v. Hermankevich,* supra, the original three-to-six year terms on each of the indictments were *lawful.* Comparing these *lawful* terms with the same terms changed to run consecutively, the increase in sentence was obvious. It is clear that the focal point in *Commonwealth v. Hermankevich,* supra, was the *lawful* three-to-six year term on each count. We stated this approach when we observed that, "[c]onsequently, the result of his [trial judge] action, *after eliminating the improper 5 to 10 year additional sentences in each case,* was to increase the combined sentence . . . ." *Commonwealth v. Hermankevich,* supra at 199, 286 A.2d at 645. (emphasis added.)

Instantly, the original terms of two-to-four years were *unlawful,* and upon remand, the trial court did no more than impose a new sentence which was *lawful.* This is not a situation where the trial court is correcting an existing sentence which is lawful, but a situation involving a remand for an entirely new sentence.

We believe that it serves no purpose to engage in "mental gymnastics" to sustain an argument that upon remand some portion of the unlawful sentence survives and as such, the "comparison" approach employed in *Commonwealth v. Hermankevich,* supra, is appropriate. The United States Supreme Court in *North Carolina v. Pearce,* supra, was concerned that a defendant's right of appeal be "free and unfettered." *North Carolina v. Pearce,* supra at 724. We share this concern, but we are equally concerned that a trial court's discretion to impose lawful sentences be "free and unfettered." The trial court must not be restrained from imposing lawful sentences upon remand for the correction of unlawful sentences, when the lawful sentences imposed do not constitute an increase in sentence in violation of the letter or spirit of the mandate of *North Carolina v. Pearce,* supra.

The judgment of sentence is affirmed.

HOFFMAN and SPAETH, JJ., concur in the result.