660 A.2d 102

**COMMONWEALTH of Pennsylvania**

v.

**Robert S. KRATZER, Appellant.**

Superior Court of Pennsylvania.

Argued May 9, 1995.

Filed June 7, 1995.

---

Theresa Hogan, Easton, for appellant.

John M. Morganelli, (submitted) Asst. Dist. Atty., Bethlehem, for Commonwealth, appellee.

Before ROWLEY, P.J., and DEL SOLE and JOHNSON, JJ.

JOHNSON, Judge.

In this appeal, we are asked to determine whether the constitutional provisions prohibiting double jeopardy prevent the imposition of consecutive sentences on remand where the original sentences were concurrent, even though the aggregate sentence is reduced on remand. Because we find no constitutional violation, we affirm.

In October 1990, Kratzer was arrested and charged with five separate offenses involving the unlawful delivery of cocaine. Three of the charges were filed in Lehigh County, and the remaining two charges were filed in Northampton County. Kratzer entered into a plea agreement in Lehigh County, whereby he agreed to plead guilty to three charges of cocaine delivery if he received a sentence of not more than 7½ to 15 years' imprisonment. Accordingly, Kratzer pleaded guilty to three counts of delivery of cocaine on August 8, 1991. Sentencing was scheduled for September 3, 1991.

On August 16, 1991, Kratzer entered into a similar plea agreement in Northampton County. At Kratzer's negotiated guilty plea hearing, the Assistant District Attorney explained to the Northampton County trial court:

> [Kratzer's] plea in Lehigh County was with the understanding that ... he was looking at a cap of 7 and a half to 15 years, no more than that.
>
> He's scheduled for sentencing on September 3rd in Lehigh County ... and I would present a proposed negotiated plea ... that [Kratzer] will receive, as a result of whatever sentence he gets in Lehigh County and whatever sentence he gets here, no more than 7 and a half to a 15-year cap.

It may well be that this court will sentence concurrent to whatever is received up there if, in fact, [he is sentenced to 7½ to 15 years' imprisonment in Lehigh County]. Of course, not knowing what he gets in Lehigh County, you couldn't sentence now to something concurrent that hasn't happened yet.

N.T., Negotiated Guilty Plea, August 16, 1991, at 2–3. The court approved the agreement, and Kratzer pleaded guilty to two charges of cocaine delivery in Northampton County.

In September 1991, Kratzer was sentenced to three concurrent terms of 7½ to 15 years' imprisonment in Lehigh County. N.T., Sentencing, October 11, 1991, at 1. No appeal was filed. In October 1991, Kratzer was sentenced to a term of 6 to 14 years' imprisonment on each count in Northampton County, to run concurrently with the sentences imposed in Lehigh County and with one another. *Id.* at 4.

Kratzer then filed a petition under the Post–Conviction Relief Act (PCRA) alleging that his counsel was ineffective and that his Northampton County sentences were unlawful. Following a hearing, the PCRA court denied Kratzer's petition. Kratzer then appealed to this Court. Although this Court found that Kratzer failed to prove that his counsel was ineffective, we concluded that his sentences were illegal because, pursuant to 35 Pa.C.S. § 780–113(f)(1.1), the maximum sentence Kratzer could receive on each count was 10 years. *Commonwealth v. Kratzer*, 437 Pa.Super. 665, 649 A.2d 461 (1994). Accordingly, we vacated the sentences and remanded the matter to the trial court for resentencing. *Id.*

On remand, the Northampton County trial court imposed one term of 5 to 10 years' imprisonment, to run concurrently with the sentences imposed in Lehigh County. N.T., Resentencing, September 6, 1994, at 4–5. Further, at the second count, the court imposed a term of 1 to 2 years' imprisonment, to run consecutively with the sentence imposed in Northampton County, and concurrently with the sentences imposed in Lehigh County. *Id.* at 6–7. Therefore, the court sentenced Kratzer to an aggregate term of 6 to 12 years' imprisonment,

to run concurrently with the Lehigh County sentences. *Id.* at 7. This appeal followed.

On appeal, Kratzer argues that (1) the imposition of consecutive sentences on remand was unlawful because (a) his plea agreement required the imposition of concurrent sentences, and (b) the constitutional provisions prohibiting double jeopardy prevent imposition of consecutive sentences on remand, where the original sentences were concurrent. Kratzer further argues (2) that the trial court erred in denying the withdrawal of his guilty plea because it was involuntary and unknowing as a result of guilty plea counsel's ineffectiveness and coercion.

■ First, Kratzer contends that his sentence is illegal because it violates his plea agreement and the constitutional principles prohibiting double jeopardy. In reviewing this claim, we are mindful that sentencing decisions typically are left to the discretion of the sentencing court. *Commonwealth v. Semuta,* 386 Pa.Super. 254, 562 A.2d 894, *appeal denied,* 524 Pa. 596, 568 A.2d 1246 (1989). However, where the court imposes an illegal sentence, the sentence must be corrected. *Commonwealth v. Lee,* 432 Pa.Super. 414, 638 A.2d 1006 (1994).

■ Kratzer asserts that his plea agreement required the Northampton County court to impose concurrent sentences, and, accordingly, the agreement was violated when the court imposed consecutive sentences on remand. However, Kratzer's plea agreement did not require the Northampton County court to impose concurrent terms as to the two Northampton County charges. Rather, the agreement provided that Kratzer would serve not more than 7½ to 15 years' imprisonment on all counts. In other words, if the Lehigh County court sentenced Kratzer to 7½ to 15 years' imprisonment, the Northampton County court could impose no greater term of imprisonment, and his sentences would run concurrently with those in Lehigh County. On remand, the Northampton County court sentenced Kratzer to a term of 5 to 10 years' imprisonment on the first count and to a consecutive term of 1 to 2

years' imprisonment on the second count. Thus, Kratzer received an aggregate term of 6 to 12 years' imprisonment, to run concurrently with his Lehigh sentence. Therefore, the sentence on remand did not violate the plea agreement, as it ran concurrently with Kratzer's Lehigh County term of imprisonment and it did not exceed 7½ to 15 years.

Kratzer also asserts that the constitutional provisions prohibiting double jeopardy prevent imposition of consecutive sentences on remand where the original sentences were concurrent. In making this claim, Kratzer relies on *Commonwealth v. Hermankevich*, 220 Pa.Super. 197, 286 A.2d 644 (1971). In that case, the trial court vacated Hermankevich's original concurrent sentences and resentenced him to several consecutive terms of imprisonment. As a result, Hermankevich's aggregate sentence was increased from 12 to 24 years' imprisonment to 18 to 36 years' imprisonment. Hermankevich appealed, alleging that the imposition of consecutive rather than concurrent sentences violated his constitutional rights.

We considered Hermankevich's claim in light of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In *Pearce*, the United States Supreme Court held that a court may not impose a more severe sentence upon a defendant after a new trial unless reasons based upon objective information of identifiable conduct on the part of the defendant after the original sentencing proceeding are made a part of the record. Initially, this Court noted that the *Pearce* mandate applies not only where there has been a new trial, but also where an illegal sentence has been corrected. *Hermankevich, supra*, 220 Pa.Super. at 200, 286 A.2d at 646. Accordingly, pursuant to *Pearce*, we held that the court's imposition of an increased sentence, absent any identifiable conduct on the part of Hermankevich that occurred after the time of the original sentencing proceeding, violated the *Pearce* mandate. *Id.* at 201, 286 A.2d at 646.

However, *Hermankevich* "[did not establish] a prophylactic rule that every time a sentence is changed from concurrent to consecutive there is an increase in sentence which mandates

the application of the principles of *North Carolina v. Pearce.*" *Commonwealth v. Taylor,* 238 Pa.Super. 232, 240, 357 A.2d 562, 565–66 (1976) (en banc), *appeal denied.* Therefore, Kratzer's reliance on *Hermankevich* is misplaced.

Instead, we find *Taylor* to be more analogous to the present case. There, James Taylor was sentenced to two concurrent terms of 2 to 4 years' imprisonment, which exceeded the maximum penalty permitted. Accordingly, his original sentences were vacated, and the trial court imposed two consecutive 1–year terms of imprisonment, for an aggregate sentence of 2 years. Taylor appealed to this Court, alleging that his double jeopardy rights were violated when consecutive rather than concurrent terms of imprisonment were imposed on remand. *Id.* at 235, 357 A.2d at 563. However, this Court held that *Pearce* does not control where sentences imposed on remand are reduced, not increased. *Id.* at 239, 357 A.2d at 565. We explained that "the original terms of two-to-four years were unlawful, and upon remand, the trial court did no more than impose a new sentence which was lawful." *Id.* at 240, 357 A.2d at 566. Accordingly, the judgment of sentence was affirmed.

■ Here, Kratzer's aggregate sentence was reduced from 6 to 14 years' imprisonment to 6 to 12 years' imprisonment. Thus, pursuant to *Taylor, supra,* because his aggregate term of imprisonment did not increase, no constitutional violation is implicated. Therefore, we find this contention meritless. *See also Commonwealth v. Sutton,* 400 Pa.Super. 291, 296, 583 A.2d 500, 502–03 (1990), *appeal denied* 528 Pa. 610, 596 A.2d 156 (1991) (no double jeopardy violation is implicated where the aggregate sentence upon resentencing does not exceed the original aggregate sentence); *Commonwealth v. Black,* 366 Pa.Super. 425, 531 A.2d 492 (1987) (same); *Commonwealth v. Ford,* 315 Pa.Super. 281, 461 A.2d 1281 (1983) (same).

■ Finally, Kratzer argues that the trial court erred in denying the withdrawal of his guilty plea because it was involuntary and unknowing as a result of guilty plea counsel's ineffectiveness and coercion. This identical issue was raised

before and decided by a panel of this Court in *Commonwealth v. Kratzer, supra,* 437 Pa.Super. 665, 649 A.2d 461. Under the doctrine of the "law of the case," where an appellate court has considered and decided a question on appeal, that Court will not, in a subsequent appeal of another phase of the same case, reconsider its previous ruling. *Commonwealth v. Lenig,* 403 Pa.Super. 455, 460, 589 A.2d 700, 703, *appeal denied,* 528 Pa. 636, 598 A.2d 993 (1991). Therefore, we need not consider this issue.

Based upon the foregoing, we affirm the judgment of sentence.

Judgment of sentence affirmed.