J-S41018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| AKZAVIER ALI CARRINGTON | |
| Appellant | No. 225 MDA 2015 |

Appeal from the Judgment of Sentence January 9, 2015
In the Court of Common Pleas of Mifflin County
Criminal Division at No(s): CP-44-CR-0000168-2013

BEFORE:  ALLEN, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 24, 2015**

Akzavier Ali Carrington appeals from the judgment of sentence entered in the Court of Common Pleas of Mifflin County.  After our review, we affirm the judgment of sentence and grant counsel's petition to withdraw.

On November 20, 2013, a jury found Carrington guilty of two counts each of robbery[1] and conspiracy,[2] and one count each of each of terroristic threats[3] and theft by unlawful taking.[4]  The court sentenced Carrington on

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3701(a)(1)(ii) and (a)(1)(v).

[2] 18 Pa.C.S.A. § 903; 18 Pa.C.S.A. § 3701(a)(1)(ii); 18 Pa.C.S.A. § 3921(a).

[3] 18 Pa.C.S.A. § 2706(a)(1).

[4] 18 Pa.C.S.A. § 3921(a).

January 31, 2014 to an aggregate term of five to ten years' imprisonment. Carrington did not file post-sentence motions. He appealed to this Court on February 24, 2014. Counsel filed a petition to withdraw pursuant to **Anders**, **McClendon** and **Santiago**.[5]

In an unpublished decision, this Court found Carrington's sentence was illegal, and we vacated and remanded for resentencing. **Commonwealth v. Carrington**, 397 MDA 2014 (filed November 18, 2014). There, we noted that at trial, in an attempt to comply with **Alleyne v. United States**, 133 S.Ct. 2151 (2013), the court had the jury decide, beyond a reasonable doubt, whether Carrington possessed a firearm and whether that fact placed the victim in reasonable fear of death or serious bodily injury. The jury found in the affirmative, and the court sentenced Carrington accordingly. We further noted that, like in **Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014), by presenting the deadly weapon enhancement question to the jury, the sentencing court "performed an impermissible legislative function by creating a new procedure in an effort to impose the mandatory minimum sentence [] in compliance with **Alleyne**." **Carrington**, **supra** at 12, *quoting* **Valentine**, 101 A.3d at 811. We directed that, in re-imposing sentence, "the court shall not apply the mandatory minimum sentencing

---

[5] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

provisions of section 9712." ***Carrington***, ***supra*** at 13.  ***See Valentine***, ***supra*** ("[I]t is manifestly the province of the General Assembly to determine what new procedures must be created in order to impose mandatory minimum sentences in Pennsylvania following ***Alleyne***.  ***See also Commonwealth v. Newman***, 99 A.3d 86 (Pa. Super. 2014).  We therefore vacated the judgment of sentence, remanded for resentencing and denied counsel's petition to withdraw.  ***Commonwealth v. Carrington,*** 397 MDA 2014 (filed November 18, 2014).

On January 9, 2015, the court resentenced Carrington to a term of imprisonment of 28 to 60 months on count 1 (robbery), and to a consecutive term of 28 to 60 months on count 3 (criminal conspiracy), those sentences to run concurrently to the sentences imposed on the remaining counts. Carrington filed a timely appeal and the court ordered him to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.   Carrington filed his Rule 1925(b) statement on March 3, 2015, claiming the court erred in imposing consecutive sentences on counts 1 and 3, when the original sentences of January 31, 2014 on counts 1 and 3 were imposed concurrently.  Carrington claims this results in a greater sentence as a direct result of having taken an appeal and violates his right to due process. Counsel has petitioned this Court to withdraw pursuant to ***Anders, McClendon*** and ***Santiago***, ***supra***.

In order to withdraw pursuant to ***Anders*** and ***McClendon***, counsel must: 1) petition the Court for leave to withdraw, certifying that after a

thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support an appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points that the appellant deems worthy of review. **Commonwealth v. Hernandez**, 783 A.2d 784, 786 (Pa. Super. 2001). In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), the Pennsylvania Supreme Court held that, in order to withdraw under **Anders**, counsel must also state his reasons for concluding his client's appeal is frivolous.

Here, counsel's petition states that he has examined the record and concluded the appeal is wholly frivolous. Counsel states that he has provided Carrington with a copy of the brief and a letter explaining Carrington's right to proceed *pro se*, or with newly retained counsel, and to raise any other issues he believes might have merit. **See** Petition to Withdraw, 4/17/15, at 1. Counsel also has filed a brief in which he repeats his assertion that there are no non-frivolous issues to be raised. Accordingly, we find that counsel has substantially complied with the procedural requirements for withdrawal.[6] We now review the issues raised in the **Anders** brief.

_____

[6] We do note that counsel has neglected to provide citations to the record, and, other than the case law citations regarding this Court's standard of review, counsel has not indicated any case law pertaining to the issues raised.

The court's original sentence imposed an aggregate term of five to ten years' imprisonment, though counts 1 and 3 were imposed as concurrent sentences. At resentencing, the court stated:

> [A]s you'll recall, this matter went up on appeal and at that time the ***Newman*** case was not decided yet. There's been an upheaval regarding the constitutionality of mandatory sentences. And in light of that we're now back for re-sentencing. And the re-sentence will not obviously be included in regards to any mandatory sentences. There are obviously guidelines and so forth. So, I believe we're back to square one in regard to sentencing.

N.T. Sentencing, 1/9/15, at 1.

The court then sentenced Carrington to consecutive terms of imprisonment of 28 to 60 months on count 1 and count 3; on the remaining counts, the court imposed sentences concurrent with count 1. Carrington's aggregate sentence was reduced from 5 to 10 years to 4 years and 8 months to 10 years.

It is clear from our review of both sentencing transcripts that the court intended to maintain the original sentencing scheme. Because Carrington's aggregate term of imprisonment did not increase, no constitutional violation, whether of double jeopardy or judicial vindictiveness, is implicated. ***See Commonwealth v. Kratzer***, 660 A.2d 102 (Pa. Super. 1995) (where defendant's illegal sentence is corrected at resentencing and neither minimum nor maximum aggregate term of imprisonment is increased by virtue of new sentence, there is no constitutional violation); see also ***Commonwealth v. Taylor***, 357 A.2d 562 (Pa. Super. 1976)(en banc) (no

double jeopardy violation is implicated where aggregate sentence upon resentencing does not exceed original aggregate sentence); *Commonwealth v. Sutton*, 583 A.2d 500 (Pa. Super. 1990) (same). *Cf. Commonwealth v. Robinson*, 931 A.2d 15 (Pa. Super. 2007) (if court imposes *harsher* sentence after retrial, presumption of vindictiveness applies).

Based upon the foregoing, we find Carrington's claims meritless. We, therefore, affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/24/2015