J-S40045-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| FRED MITCHELL, | : | |
| | : | |
| Appellant | : | No. 438 WDA 2015 |

Appeal from the Judgment of Sentence Entered March 5, 2015
in the Court of Common Pleas of Fayette County,
Criminal Division, at No(s): CP-26-CR-0001539-2013

BEFORE:   FORD ELLIOTT, P.J.E., DONOHUE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED AUGUST 31, 2015**

Fred Mitchell (Appellant) appeals from the aggregate judgment of sentence of 39 to 78 years' imprisonment entered following his convictions for, *inter alia*, rape by forcible compulsion, rape of a child, involuntary deviate sexual intercourse (IDSI) by forcible compulsion, and IDSI with a complainant under 16 years of age.  We affirm.

A prior panel of this Court summarized the history of this case as follows.

> On February 24, 2012, M.N, then four years old, went to the doctor for a routine checkup.  While in the doctor's office, she informed Joyce Ames, her paternal grandmother, that her "cookie" hurt.  She indicated that she was referring to her genital area.  She also referred to her anus as "celery."  She continued to expound that Appellant put his "peanut" in her "cookie," and she explained that "Fred" told her about those terms.  The doctor instructed Ames to take M.N. to Children's Hospital for an evaluation.

*Retired Senior Judge assigned to the Superior Court.

On March 13, 2012, M.N. was interviewed at A Child's Place at Mercy by Sara Gluzman, a forensic interviewer trained in evaluating and interviewing children who are suspected victims of abuse. During the course of the interview, Gluzman asked M.N. if there are places people are not supposed to touch.[3] M.N., in response, drew a picture and told Gluzman it was a "boob" and people are not supposed to touch it. Gluzman showed M.N. an anatomical depiction of the human body, which she uses with all children she interviews, and asked M.N. what she called different areas of the body. M.N. used the term "coochie." When Gluzman asked what she uses "coochie" for, M.N. explained her mother called it "peachie" and that it is used "to pee." M.N. told Gluzman that Appellant put his "part" in her "peachie" and "butt." M.N. also said it happened "[m]ore than one time." Following the interview, Dr. Mary Carrasco, the director of A Child's Place at Mercy, performed an examination of M.N., which did not reveal physical evidence of abuse.[4]

[3] The interview was recorded and played during the trial. The exchange between M.N. and Gluzman during the interview is included in the transcript of the trial.

[4] Dr. Carrasco testified at trial as an expert in pediatric child abuse. She testified that the lack of physical findings "does not mean nothing occurred. … [M]ost of the time, that is 94% of the time, there will be no physical evidence of sexual abuse."

… A three-day jury trial commenced on January 8, 2014. M.N., Ames, M.N.'s mother, Gluzman, and Dr. Carrasco testified on behalf of the Commonwealth. After the Commonwealth rested, two defense witnesses testified. On January 10, 2014, the jury found Appellant guilty of all charged offenses.

Following the guilty verdicts, the Commonwealth filed its notice of intention to seek mandatory sentences pursuant to 42 Pa.C.S.A. § 9718(a).[5] The trial court conducted a sentencing hearing on April 3, 2014 and imposed the mandatory minimum sentences sought by the Commonwealth [for an aggregate sentence of 40 to 80 years of imprisonment].

_____

[5] Section 9718 provides for mandatory minimum sentences of, *inter alia*, not less than ten years' imprisonment for rape of a child and not less than ten years' imprisonment for any conviction under [18 Pa.C.S.] § 3123 (relating to IDSI),when the victim is less than sixteen years of age. 42 Pa.C.S.A. § 9718(a).

***Commonwealth v. Mitchell***, No. 578 WDA 2014, unpublished memorandum at 2-4 (Pa. Super. January 22, 2015) (citations and some footnotes omitted).

On appeal to this Court, Appellant raised five issues, including the following:

I.      Whether the evidence was legally and factually insufficient to show that [Appellant] committed the crimes of Rape, Forcible Compulsion, Rape of a Child, IDSI Forcible Compulsion, IDSI Person Less than 16 years of Age, beyond a reasonable doubt[?]

II.     Whether the trial judge committed reversible error in permitting [M.N.] to testify on the lap of her grandmother, Joyce Ames, despite a sequestration of witnesses and over defense counsel's objection[?]

***Id.*** at 5 (quoting Appellant's Brief).

This Court held that Appellant waived his challenge to the sufficiency of the evidence by failing to specify in his concise statement of errors complained of on appeal which elements of the crimes lacked proof beyond a reasonable doubt.  ***Id.*** at 8.  The panel nonetheless proceeded to address the merits of the claim:

We observe that had Appellant properly preserved this issue, he would not be entitled to relief.  In support of this claim,

Appellant asks this court to reweigh the evidence presented at trial. Specifically, Appellant recounts, "[t]he defense presented two witnesses, both of [whom] testified that this could have been a scheme devised by [M.N.'s mother]…." The jury in this case was free to credit M.N.'s testimony and disregard the speculative testimony proffered by the defense. *See* [*Commonwealth v. Kearney*, 92 A.3d 51, 64 (Pa. Super. 2014)]. Moreover, "it is well-established that the uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses." *Commonwealth v. Castelhun*, 889 A.2d 1228, 1232 (Pa. Super. 2005) (citations and quotation marks omitted). Therefore, viewing the evidence in the light most favorable to the Commonwealth, sufficient evidence was presented to find Appellant guilty of the charged offenses beyond a reasonable doubt. *See* [*Commonwealth v. Patterson*, 91 A.3d 55, 66 (Pa. 2014)].

*Id.* at 9 n.9. The panel also concluded that "the trial court did not abuse its discretion by making an exception to the general sequestration order, and Appellant has failed to demonstrate that he was prejudiced by the exception." *Id.* at 13.

Although it found that all of Appellant's stated issues were either meritless or both waived and meritless, this Court concluded that Appellant's sentence was illegal under *Alleyne v. United States*, ––– U.S. –––, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), and its progeny. Accordingly, this Court affirmed Appellant's convictions, but vacated his judgment of sentence and remanded for resentencing without consideration of section 9718. *Mitchell*, unpublished memorandum at 26-27.

On March 6, 2015, Appellant was resentenced without consideration of any mandatory minimum sentencing statute to an aggregate term of 39 to

78 years' imprisonment. Appellant's post-sentence motion for modification of sentence was denied on March 11, 2015. Appellant timely filed a notice of appeal.

On appeal, Appellant presents two issues,[1] both of which were raised in his first direct appeal:

> I. Whether the evidence was legally and factually insufficient to show that [Appellant] committed the crimes of Rape [by] Forcible Compulsion, Rape of a Child, IDSI Forcible Compulsion, IDSI Person Less than 16 years of Age, beyond a reasonable doubt?
>
> II. Whether the trial judge committed reversible error in permitting [M.N.] to testify on the lap of her grandmother, Joyce Ames, despite a sequestration of witnesses and over defense counsel's objection?

Appellant's Brief at 7 (unnecessary capitalization omitted).

As the trial court aptly stated, Trial Court Opinion, 4/8/2015, at 4, the law of the case doctrine applies to Appellant's claims. "The law of the case

---

[1] Appellant lists only two issues in his statement of questions involved. Appellant's Brief at 7. However, four additional issues are raised in the argument portion of his brief. Those questions are not properly before us. *See* Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). We note that three of the four additional issues were rejected by this Court in Appellant's first direct appeal, and would thus be subject to the same analysis we provide for the claims we do address. The fourth additional issue is a challenge to the discretionary aspects of his sentence, which we would reject based upon Appellant's failure to include in his brief a concise statement of reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). *Commonwealth v. Coulverson*, 34 A.3d 135, 142 (Pa. Super. 2011) ("If the Rule 2119(f) statement is absent…, this Court may refuse to accept the appeal.").

doctrine refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter." **Commonwealth v. Fears**, 86 A.3d 795, 815 (Pa. 2014) (internal quotation marks omitted). "[W]hen an appellate court has considered and decided a question submitted to it upon appeal, it will not, upon a subsequent appeal on another phase of the case, reverse its previous ruling even though convinced it was erroneous."[2] **Commonwealth v. McCandless**, 880 A.2d 1262, 1268 (Pa. Super. 2005). Exceptions may be made "under exceptional circumstances, including: an intervening change in the law, a substantial change in the facts, or if the prior ruling was clearly erroneous and would create a manifest injustice if followed." **Id.** (internal quotation marks omitted).

Appellant presents us with no argument that the law or facts have changed since this Court's prior determination. Nor does he contend that the prior rulings were clearly erroneous and create a manifest injustice.

---

[2] All of the issues were "decided" in Appellant's prior appeal for purposes of the doctrine of law of the case, as the court performed an even-if analysis for the claims it determined were waived. **See Commonwealth v. Reed**, 971 A.2d 1216, 1220 (Pa. 2009) ("In the instant case, while the Superior Court in **Reed I** determined that Reed's claims were waived, it also determined that even if the claims had not been waived, they were without merit, and the court explained the basis for its conclusions. Thus, the Superior Court's holding in **Reed I** that Reed's claim … was meritless was a valid holding that constitutes the law of the case….").

Rather, Appellant merely reproduces *verbatim* the arguments presented in his prior appellate brief. This Court will not consider those arguments a second time. **See**, **e.g.**, **Commonwealth v. Kratzer**, 660 A.2d 102, 105 (Pa. Super. 1995) ("Kratzer argues that the trial court erred in denying the withdrawal of his guilty plea because it was involuntary and unknowing as a result of guilty plea counsel's ineffectiveness and coercion. This identical issue was raised before and decided by a panel of this Court in [Kratzer's prior appeal]. … Therefore, we need not consider this issue.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 8/31/2015