J-S38007-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
PHILIP B. PRITCHETT :
:
Appellant : No. 2075 EDA 2022

Appeal from the PCRA Order Entered July 21, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007568-2016

BEFORE: LAZARUS, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED DECEMBER 28, 2023**

Philip B. Pritchett appeals from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Upon careful review, we affirm.

On May 3, 2018, a jury found Pritchett guilty of rape of a child,[1] involuntary deviate sexual intercourse with a child (IDSI),[2] endangering the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3121(c).

[2] *Id.* at § 3123(c).

welfare of a child (EWOC),[3] corruption of minors,[4] and unlawful contact with a minor.[5]  After trial, but prior to sentencing, Pritchett was appointed new counsel.  On September 21, 2018, the trial court conducted a sentencing hearing, at which new counsel presented two witnesses to testify on Pritchette's behalf—Pritchett's girlfriend, Lois Powell, and a member from Pritchett's religious community, Steven Paiano.  *See* N.T. Sentencing Hearing, 9/21/18 at 8-9, 10-13.  Following the hearing, the trial court sentenced Pritchett to an aggregate term of 15 to 30 years' incarceration.[6]

Pritchett filed timely post-sentence motions, which were denied.  This Court affirmed Pritchett's convictions but found his sentences for EWOC and corruption of minors exceeded the lawful maximums and remanded for resentencing.  *See Commonwealth v. Pritchett*, 3026 EDA 2018 (Pa. Super. filed June 20, 2020) (unpublished memorandum decision).

---

[3] *Id.* at § 4304(a)(1).

[4] *Id.* at § 6301(a)(1)(ii).

[5] *Id.* at § 6318(a)(1).

[6] The court imposed concurrent sentences of 10 to 20 years' imprisonment for Pritchett's convictions of rape of a child and IDSI.  The trial court imposed sentences of five to ten years' imprisonment for each of Pritchett's convictions of EWOC, corruption of minors, and unlawful contact with a minor.  The trial court imposed Pritchett's sentences for EWOC, corruption of minors, and unlawful contact with a minor concurrently to each other, and consecutively to his sentences for rape of a child and IDSI.

On May 27, 2021, the trial court resentenced Pritchett to consecutive terms of two-and-a-half to five years each for his convictions of EWOC and corruption of minors. The trial court further directed that Pritchett's sentences for EWOC and corruption of minors be run concurrently to his sentence for unlawful contact with a minor, which remained a period of five to ten years imprisonment. Further, all three of those convictions were to run consecutively to the rape and IDSI sentences, which remained ten to twenty years' imprisonment, respectively. Thus, Pritchett's resentencing again resulted in an aggregate term of 15 to 30 years in prison.

Pritchett filed a timely *pro se* PCRA petition, his first, raising claims of ineffective assistance of trial counsel. The PRCA court appointed new counsel, who filed an amended petition, alleging that trial counsel was ineffective by failing to (1) object to the court's incorrect statement of fact at the first sentencing hearing, and (2) present character witnesses at trial. **See** Amended PCRA Petition, 6/9/22, at 2. On June 15, 2022, the PCRA court issued notice of its intent to dismiss the petition without a hearing, pursuant to Pa.R.Crim.P. 907. Pritchett did not file a response. On July 21, 2022, the PCRA court dismissed the petition.[7]

_____

[7] The PCRA court referred this Court to footnote 1 in its July 21, 2022, order, detailing its reasoning for dismissing Pritchett's PCRA petition. **See** PCRA Court Opinion, 12/21/22, at 1 (incorporating order dismissing Pritchett's PCRA petition); **see also** Order, 7/21/22, at 1 n.1.

Pritchett filed a timely notice of appeal.[8]  Pritchett now raises the following questions for our review:

> [1.]  Did the [PCRA] court err when it denied, as a matter of law, [Pritchett's] PCRA claim that trial counsel was ineffective for failing to object at sentencing to a material incorrect statement of fact by the Court?
>
> [2.]  Did the [PCRA] court err when it denied, as a matter of law, [Pritchett's] PCRA claim that trial counsel was ineffective for failing to present character witnesses?

Appellant's Brief, at 6.

We begin by noting our standard of review in this matter.

> On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error.  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.  The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

*Commonwealth v. Nero*, 58 A.3d 802, 805 (Pa. Super. 2012) (internal citations and quotation marks omitted).

Pritchett raises two claims of ineffectiveness of counsel.  A PCRA petitioner will be granted relief on such a claim only when he proves, by a

---

[8] The PCRA court did not order Pritchett to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  Therefore, we will not conduct a waiver inquiry pursuant to Pa.R.A.P. 1925(b)(4).  *See Commonwealth v. Antidormi*, 84 A.3d 736, 744-45 (Pa. Super. 2014) (citing *Commonwealth v. Thomas*, 451 A.2d 470, 472 n. 8 (Pa. Super. 1982)) ("[T]he lower court must order a concise statement of [errors] complained of on appeal and appellant must fail to comply with such directive before this Court can find waiver").

- 4 -

preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner. *Commonwealth v. Dennis*, 950 A.2d 945, 954 (Pa. 2008).

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must prove: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner as a result of counsel's act or omission. *Commonwealth v. Tedford*, 960 A.2d 1, 12 (Pa. 2008). "If a petitioner fails to prove any of the [ineffectiveness] prongs, his claim fails." *Commonwealth v. Simpson*, 66 A.3d 253, 260 (Pa. 2013) (citation omitted). Moreover, "counsel cannot be deemed ineffective for failing to raise a meritless claim." *Commonwealth v. Rivera*, 108 A.3d 779, 789 (Pa. 2014) (citation omitted).

Pritchett first avers that trial counsel was ineffective by failing to object to the trial court's material misstatement, at the first sentencing hearing, that Pritchett's conduct "lasted for years," which the court listed as a specific aggravating factor in fashioning its sentence. *See* Appellant's Brief at 8-13.

As this Court vacated Prichett's original sentence and resentenced him on May 27, 2021, we conclude this issue is moot.

As we noted *supra*, on direct appeal, this Court vacated Pritchett's original sentence and remanded for resentencing. *See Pritchett*, *supra*. Thus, Pritchett's original judgment of sentence is a legal nullity. *See Commonwealth v. Caple*, 121 A.3d 511, 514 (Pa. Super. 2015) ("When a sentence is vacated, it is rendered a legal nullity"). Furthermore, it is well-settled that "[w]hen a sentence is vacated and the case is remanded to the sentencing court for resentencing, the sentencing judge should start afresh*.*" *Id.* at 522 (citing *Commonwealth v. Jones*, 640 A.2d 914, 919-20 (Pa. Super. 1994)). Because a resentencing hearing was held on May 27, 2021, and the trial court imposed a new sentence,[9] the trial court's stated reasons

---

[9] As detailed *supra*, this Court vacated Pritchett's sentences for the EWOC and corruption of minors because they exceeded the statutory maximum. *See Pritchett*, *supra*; *Commonwealth v. Vasquez*, 744 A.2d 1280, 1284 (Pa. 2000) ("[w]hen a trial court imposes a sentence outside of the legal parameters prescribed by the applicable statute, the sentence is illegal and should be vacated and remanded for correction"); *Commonwealth v. Kratzer*, 660 A.2d 102, 104 (Pa. Super 1995) (stating that when an illegal sentence is imposed, sentence must be corrected). In imposing its new sentence, the trial court reconsidered the factors that prompted its original judgment of sentence and reassessed the penalties imposed for each count to ensure that each sentence did not exceed the lawful maximum for any count. *See* N.T. Resentencing Hearing, 5/27/21, at 3-4, 22, 26-27, 33; *see also Caple*, 121 A.3d at 523 (stating that "[t]he judge at the second sentencing hearing should reassess the penalty to be imposed on the defendant . . . and reevaluate whether the jail term [appellant] received is a just and appropriate punishment.").

for imposing Pritchett's initial sentence are immaterial. ***See Caple***, ***supra***. Accordingly, this claim is moot and warrants no relief.

In his second claim, Pritchett argues that he was denied his constitutionally-guaranteed right to effective representation when trial counsel failed to call character witnesses to testify on Pritchett's behalf at trial. ***See*** Appellant's Brief, at 8-13. Specifically, Pritchett argues that character witnesses were available and willing to testify as to his good character, as demonstrated by the appearance and testimony of Powell and Paiano at the September 21, 2018, sentencing hearing. ***Id.*** at 17-18. He is entitled to no relief.

The failure to call character witnesses does not constitute *per se* ineffectiveness. ***Commonwealth v. Cox***, 983 A.2d 666, 693 (Pa. 2009) (citation omitted). Rather, to establish that defense counsel was ineffective for failing to call witnesses, a petitioner must prove:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

***Commonwealth v. Puksar***, 951 A.2d 267, 277 (Pa. 2008) (citation omitted).

Here, although Powell and Paiano appeared and testified at the initial sentencing hearing, Pritchett has not provided any certifications, affidavits, documents, or otherwise in his PCRA petition or amended PCRA petition establishing that Powell or Paiano were available and willing to testify during

his trial. Nor does Pritchett provide any evidence that the claimed character witnesses would have offered proper, **admissible** character evidence at trial. *See Commonwealth v. Johnson*, 27 A.3d 244, 248 (Pa. Super. 2011) (compiling cases and explaining proper procedures for producing admissible evidence of good character); *see also id.* ("Evidence of good character offered by a defendant in a criminal prosecution must be limited to his general reputation for the particular trait or traits of character involved in the commission of the crime charges . . . and must be established by testimony of witnesses as to the community opinion of the individual in question, not through specific acts or mere rumor."). Rather, Pritchett relies on the assumption that, because Powell and Paiano testified at the initial sentencing hearing, they would have been available and willing to testify as character witnesses during his trial. *See* Appellant's Brief, at 18.

Pritchett's claim is based solely on vague, conclusory, and speculative allegations—with no basis in the record—that character witnesses were available and willing to testify as to his good character *at trial*. Such bald assertions are insufficient to prove that trial counsel was ineffective for failing to call those witnesses.[10] *See Commonwealth v. Fulger*, 283 A.3d 403,

---

[10] In his brief, Pritchett does cite to the testimony that Paiano and Powell provided at the first sentencing hearing. *See* Appellant's Brief, at 13-16; N.T. Sentencing Hearing, 9/21/18, at 8-9, 10-13. However, our review of this testimony reveals that Paiano and Powell would only be able to testify as to their **personal opinions** and observations of Pritchett, which is expressly
*(Footnote Continued Next Page)*

(Pa. Super. 2022) (appellant's claim that trial counsel was ineffective for failing to call character witnesses at trial is meritless because appellant "simply averred that because the witnesses testified at Appellant's sentencing, they probably would have been available and willing to testify as character witnesses during trial").

In conclusion, Pritchet has not met his burden of production to provide evidence supporting his second ineffectiveness claim. Additionally, he has failed to demonstrate that this alleged character evidence would be admissible. Accordingly, we find this claim without merit, and conclude that the PCRA court properly dismissed Pritchett's PCRA petition.[11] *See Puksar*, *supra*; *see also Rivera, supra*; *Nero, supra*.

---

inadmissible character evidence. *See Johnson*, *supra* (requiring evidence of defendant's good character be based upon "**community opinion** of the individual") (emphasis added). Pritchett does not demonstrate how this testimony comports with our case law or rules. *See id.*; *see also*, Pa.R.E. 404.

[11] Additionally, Pritchett argues for the first time on appeal that the PCRA court erred in failing to grant him an evidentiary hearing. *See* Appellant's Brief, at 17-18. We disagree. It is well settled that "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008). "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Commonwealth v. Hanible*, 30 A.3d 426, 452 (Pa. 2011).

*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/28/2023

---

Here, as we discuss **supra**, Pritchett failed to present any evidence to the PCRA court that these witnesses were available and willing to testify, or how their testimony would constitute proper **admissible** character evidence. **See Johnson**, **supra**. Accordingly, we discern no abuse of discretion in the PCRA court's decision to dismiss Pritchett's PCRA petition without a hearing. **See Hanible**, **supra**.