665 A.2d 1194

**COMMONWEALTH of Pennsylvania**

v.

**Quintellis SHARPE, Appellant.**

Superior Court of Pennsylvania.

Submitted July 3, 1995.

Filed Sept. 22, 1995.

420

Karl Baker, Assistant Public Defender, Philadelphia, for appellant.

Kathy L. Echternach, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CAVANAUGH, POPOVICH and HOFFMAN, JJ.

POPOVICH, Judge:

The appellant, Quintellis Sharpe, appeals the revocation of his probation and parole and the imposition of a judgment of sentence (aggregating 3–15 years imprisonment) for Possessing Instruments of Crime (at Bill No. 1066) and Attempted Burglary (at Bill No. 1068). We reverse.

The facts are undisputed: On February 26, 1991, the appellant entered an open plea of guilty to the offenses cited above and received a sentence of 11½ to 23 months incarceration, to be followed by 2 years probation, at Bill No. 1066. An identical sentence was issued at Bill No. 1068, which was ordered to be served concurrently with the previous sentence imposed.

On July 27, 1992, the appellant's probation and parole were revoked and a "new sentence" was issued by the court directing the appellant to "serve back time" of not less than 11½ to 23 months in jail and 2 years consecutive probation (at Bill No. 1066). Also, for violating his probation, the appellant was sentenced (at Bill No. 1068) to 10–23 months in jail, the commencement of which was to be served consecutively to Bill No. 1066.

When the appellant violated his probation and parole a second time, a hearing was conducted on August 15, 1994, following which the court revoked the parole/probation and entered a sentence of 1–5 years imprisonment at Bill No. 1066, which was to be served consecutively to the 2–10–year prison term imposed at Bill No. 1068. This appeal followed and questions the legality of the sentences imposed (at Bill No. 1066) "as ... exceed[ing] the maximum period of probation (two years)" and (at Bill No. 1068) as violative of the Double Jeopardy provisions of the United States and Pennsylvania Constitutions "because [the] appellant was no longer on probation at the time of the [second] revocation, the probation having been previously revoked and a prison sentence imposed, but where no new period of probation was given[.]" Appellant's Brief at 3.

■ We start with the proposition that the legality of a sentence is a non-waivable issue subject to review at any stage of the judicial process or *sua sponte* by the court. *Commonwealth v. Ford*, 315 Pa.Super. 281, 461 A.2d 1281 (1983). To the extent that the Commonwealth avers that the appellant's claims are not challenges to the *legality* of the sentence, an

examination of such a view proves to be sophomoric.[1]

With regard to the first contention, alleging that the 1–5 years prison term for Possessing Instruments of Crime was illegal as exceeding the initial 2–year probationary term, this Court has ruled in *Commonwealth v. Bischof,* 420 Pa.Super. 115, 616 A.2d 6 (1992) that violations of one's parole permits a court to revoke parole and recommit the defendant to jail for a period not exceeding the maximum term under which he was originally sentenced. More specifically, we wrote:

> Upon finding that Appellant had violated the terms of his parole, the trial court directed that he serve the unexpired balance of his term, which was twenty-three months on each of two counts, and further directed that the sentences be served consecutively. However, after making the determination that the parole granted on two specific sentences had been violated, the trial court only had authority to recommit Appellant to serve out the balance of the terms from which he had been paroled, which terms were to run concurrently. To change sentences which were originally made to run concurrently to consecutive sentences constitutes an enhancement of sentence, which has certain constitutional implications. *Commonwealth v. Hermankevich,* 220 Pa.Super. 197, 286 A.2d 644 (1971). The maximum period for which Appellant could be sentenced after revoking the parole set on these charges was limited to the maximum term under which Appellant was originally sentenced because a "modification of a sentence imposed on a criminal defendant which increases the punishment constitute[s] further or double jeopardy." *Commonwealth v. Cole,* 222 Pa.Super. 229, 231, 294 A.2d 824, 825 (1972). *See also Commonwealth v. Raynes,* 349 Pa.Super. 314, 503 A.2d 17 (1986).

This case must be contrasted with those cases where the court revokes a probationary sentence and has the authority to modify the original probationary period by lengthening it

---

1. The appellant's Petition to Vacate Illegal Sentence was denied by the court, following which the present appeal was perfected. See Court Opinion, 12/20/94 at 2.

and by adding reasonable conditions. *Commonwealth v. McBride,* 289 Pa.Super. 396, 433 A.2d 509 (1981). This is so because in those cases the order of probation is a conditional order and not a final order for double jeopardy purposes. *Commonwealth v. Miller,* 358 Pa.Super. 219, 516 A.2d 1263 (1986). However, in the instant case the court sought to modify, not a probationary period, but a fixed sentence. This it cannot do. In general, a sentencing court has jurisdiction to modify a sentence only in the first 30 days after imposition.[1] *Commonwealth v. Thomas,* 301 Pa.Super. 333, 447 A.2d 994 (1982). *Accord Commonwealth v. Martin,* 346 Pa.Super. 129, 499 A.2d 344 (1985) (court lacked jurisdiction to modify a sentence, more than 30 days after imposition, so as to run consecutive to another sentence); *Commonwealth v. Cooper,* 333 Pa.Super. 559, 482 A.2d 1014 (1984). The court's modification here was untimely. An appropriate order would have recommitted Appellant to serve out the unexpired balance of his sentence, such sentence to run concurrently with each other.

--------

[1] An exception exists where the trial court discovers that the sentence originally imposed was illegal in which case it may alter the sentence beyond the 30–day period. *Commonwealth v. Pastorkovic,* 390 Pa.Super. 1, 567 A.2d 1089 (1989). There is no claim here that the original sentence imposed was illegal.

420 Pa.Super. at 122 & n. 1, 616 A.2d at 9–10 & n. 1.

■ Applying the *Bischof* rationale to the case at bar, the record indicates that the sentence imposed at Bill No. 1068 on February 26, 1991, consisted of an 11½ to 23 months incarceration and 2 years consecutive probation, to run *concurrently* with an identical sentence entered at Bill No. 1066.

On July 8, 1992, a detainer was issued and a hearing conducted on July 27, 1992, whereby the appellant's parole (at Bill No. 1066) and probation (at Bill No. 1068) were revoked. A "new sentence" was issued; to-wit:

[At Bill No. 1068, parole and probation revoked]. Not less than 10 months nor more than 23 months at PICC[.] Credit for time served from 6/30/92. *Consecutive* to ... [Bill No.] 1066. Will parole into a long term in patient

program for drug & alcohol treatment. Detainer ... lifted.[2]

* * * * * *

[At] Bill 1066—Parole Revoked.

Defendant to serve back time on sentence imposed 2/26/91 (not less than 11½ months nor more than 23 months and two years consecutive probation to run concurrently with CP89–03–3766. Receive intensive drug treatment at PICC. Supervised under Drug & Alcohol Unit).... [Emphasis added]

On November 5, 1993, a detainer was issued against the appellant and remained in effect until he was released from the hospital, which occurred on December 16, 1993, for a probation/parole hearing. Such a hearing was held on January 27, 1994, the detainer was lifted and the appellant was "paroled forthwith," conditional upon the appellant living with his brother, obtaining employment and attending a drug treatment program. With the appellant's failure to comply with the terms of parole, this conditional sentence was revoked on August 15, 1994, and the appellant was sentenced anew: "Two to ten on the burglary, one to five on the PIC."[3] N.T. 5. The latter was to run *consecutively* to the former sentence.

With the precepts recited in *Bischof*, supra, in mind, we hold that the fact that the appellant's initial sentences were to be served "concurrently" precluded the court, upon revocation of parole, to require that the sentences for the same offenses be served "consecutively." Not only was the modification untimely (court permitted to alter order within 30 days of

2. We note that at the same proceeding, but prior to the imposition of the sentence just recounted, the court had entered a sentence which it modified to the form presently under review. This action having been taken within the statutorily permitted period to modify an order of court was proper. *Commonwealth v. Pastorkovic*, 390 Pa.Super. 1, 567 A.2d 1089 (1989).

3. From a reading of the August 15, 1994, transcript it is evident that the court was not impressed with the appellant's excuses for not meeting the terms of parole, e.g., going to a girl's home instead of the parole-ordered brother's residence. After listening to the appellant's harangue, the court commented during sentencing in response thereto: "So long, pal. * * * I hope the girl was great, pal." N.T. 5 & 6.

entry), but it smacks of and implicates violations of the Double Jeopardy Clause of both the United States and Pennsylvania Constitutions by enlarging the punishment initially imposed. *Id.*

Accordingly, we find that the court imposed an illegal sentence when it directed that the punishment phase for each crime committed be served consecutively, instead of merely revoking parole and ordering the balance of the sentences be served "concurrently." On remand, this error is to be rectified by the court. *Id.*

■ Turning to the second assertion of error, i.e., was the issuance of a 2–10–year prison term, imposed as a consequence of violating probation, illegal given that the appellant was *not on probation at the time it was revoked.*

The Commonwealth concedes that no order of probation existed at Bill No 1068 at the time the court proceeded to revoke the non-existent probation and impose a 2–10–year term of incarceration. In point of fact, the appellant's probation at Bill No. 1068 was revoked and a sentence of 10–23 months imprisonment was imposed following a revocation hearing held on July 27, 1992. See *Docket Entries, Page 2.*

The appellant was paroled on January 27, 1994, to the custody of his brother (which never came to fruition and led to a revocation hearing on August 15, 1994). *Id.* at *Page 4.* Yet, we are given little insight as to what transpired between the appellant's July 27, 1992, revocation of parole/probation and sentencing to a period of imprisonment and his parole, a second time, on January 27, 1994. However, what we can glean from the docket entries and parole revocation hearing on August 15, 1994, is that the appellant was hospitalized, received treatment in both a private and prison hospital before being paroled January 27, 1994.

Needless to say, with the revocation of the appellant's probation at Bill No. 1068 and imposition of a term of imprisonment (10 to 23 months, with credit for time served from

6/30/92), with no accompanying period of probation or subsequent parole being detectable from the record, the court below was without authority to revoke a non-existent probation/parole and impose a sentence of imprisonment (2–10 years) exceeding the initial sentence (11 1/2–23 months incarceration). See *Commonwealth v. Quinlan*, 433 Pa.Super. 111, 639 A.2d 1235 (1994) and contrast *Commonwealth v. Byrd*, —— Pa.Super. ——, 663 A.2d 229 (1995). The more appropriate course would have been, with the appellant's apparent parole (but for which of the two offenses we know not) and subsequent violation thereof, for the court below to recommit the appellant to serve the remaining, unexpired portion of his sentence(s).[4] See *Commonwealth v. Mitchell*, 429 Pa.Super. 435, 632 A.2d 934 (1993); *Bischof*, supra.

Judgment of sentence reversed, case remanded for resentencing, and jurisdiction is not retained.

CAVANAUGH, J., concurs in the result.

---

**4.** The imposition of sentence at Bill No. 1068, which exceeded the initial sentence, took place beyond the 30–day period allowed to modify a *legal* sentence (rendering the sentencing court without jurisdiction to act) and, as with the initial issue addressed, raises Double Jeopardy questions because of the enhanced punishment (2–10 years versus 11½–23 months imprisonment). See *Commonwealth v. Bischof*, 420 Pa.Super. 115, 616 A.2d 6 (1992).

Once the appellant had been *sentenced* on February 26, 1991, to *concurrent* sentences of 11½ to 23 months imprisonment (at both Bill Nos. 1066 and 1068), the subsequent two attempts (on July 27, 1992, and August 15, 1994) by the court to impose *consecutive* terms of imprisonment were nullities and of no force or effect. *Id.*