J-S18036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| COREY JOHNSON | |
| Appellant | No. 2171 EDA 2014 |

Appeal from the Judgment of Sentence June 24, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000329-2013

BEFORE:  BENDER, P.J.E., ALLEN, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.:                    **FILED JUNE 11, 2015**

Appellant, Corey Johnson, appeals from the June 24, 2014 judgment of sentence revoking his parole and recommitting him to serve the balance of his underlying sentence consecutively with another sentence in a case in Northampton County, imposed while Appellant was on parole.  In addition, Appellant's counsel filed a petition to withdraw as counsel with this Court, together with a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and its progeny, averring the appeal is wholly frivolous.  After careful review, we affirm and grant counsel's petition to withdraw.

The trial court succinctly summarized the history of this case as follows.

On or about January 3, 2013, Appellant was arrested and charged with Possession of Drug Paraphernalia.[1]  On January 10, 2013, Appellant

entered a guilty plea to the offense, graded as a Misdemeanor of the Third Degree, before Magisterial District Judge Karen Devine. He was sentenced to twelve months' probation.

On January 16, 2013, Appellant was arrested on a retail theft charge by the Bethlehem Police Department. Accordingly, a warrant was issued for his arrest in the above-captioned matter because the new arrest constituted a violation of his probation.

On April 2, 2013, Appellant appeared before this Court for a *Gagnon II*[1] hearing following his preliminary hearing in the retail theft case. Appellant conceded the allegations of the Adult Probation Department. The [trial c]ourt revoked his probation and resentenced Appellant to not less than two nor more than twelve months' incarceration in Lehigh County Prison. Appellant was paroled on June 21, 2013.

On June 25, 2013, Appellant committed another retail theft and was again arrested by the Bethlehem Police Department. A warrant for his arrest was issued in the above-captioned case, but it was later amended to include another arrest on October 16, 2013, also in Northampton County, for various drug charges and public drunkenness.

On June 24, 2014, a *Gagnon II* hearing was held. During that hearing, Appellant conceded the allegations of his violation of parole. His parole was revoked and he was remanded to Lehigh County Prison to serve the balance of his sentence, consecutive to his sentence in Northampton County (CR-928-2014).

---------------------------------
[1] 35 P.S. § 780-113(a)(32).

Trial Court Opinion, 8/19/14, at 1-2 (footnote in original).

---

[1] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973) (setting forth the procedural requirements for probation and parole revocations).

Appellant did not file a post-sentence motion. Appellant filed a timely notice of appeal on July 24, 2014.[2] On October 16, 2014, counsel filed a motion to withdraw as counsel and an accompanying *Anders* brief. Appellant has not filed any response.

In his *Anders* brief, counsel raises the following issue on Appellant's behalf for our review.

> Whether the trial court imposed an illegal, harsh and excessive punishment upon the defendant after a parole-revocation hearing by recommitting the defendant to serve the balance of his sentence on a paraphernalia charge and running that sentence consecutively to another sentence?

*Anders* Brief at 4.

"When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). Additionally, we review counsel's *Anders* brief for compliance with the requirements set forth by our Supreme Court in *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

> [W]e hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is

---

[2] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

> frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 361.

Pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005) and its progeny, "[c]ounsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Goodwin**, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*), *quoting* **Commonwealth v. Wright**, 846 A.2d 730, 736 (Pa. Super. 2004).

Instantly, we are satisfied that counsel has complied with the technical requirements of **Anders** and **Santiago**. Counsel carefully summarized the history of the case and made appropriate references to the record. She acknowledged her own review of the record, articulated the issues that could arguably support an appeal, but stated her conclusion that the appeal is

nevertheless frivolous. Further, she set forth the reasons upon which she based that conclusion. Counsel has also complied with the notification requirements described in *Millisock*. Since receiving notice, Appellant has not filed any response. We therefore proceed with our independent review of the record and the issue presented on Appellant's behalf.

Appellant's issue on appeal conflates a challenge to the discretionary aspect of his sentence and a challenge to the legality of his sentence. A claim that a sentence is harsh and excessive implicates the discretionary aspects of a sentence. *Commonwealth v. Treadway*, 104 A.3d 597, 599 (Pa. Super. 2014). Additionally, Appellant challenges the running of his sentence consecutively to his Northampton County sentence as illegal. *Anders* Brief at 10. With regard to the first issue, both the trial court and counsel point out that a discretionary aspect of sentence claim is not cognizable in a parole revocation context. Trial Court Opinion, 8/19/14, at 3; *Anders* Brief at 9. We agree.

> Unlike a probation revocation, a parole revocation does not involve the imposition of a new sentence. Indeed, there is no authority for a parole-revocation court to impose a new penalty. Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence. At some point thereafter, the defendant may again be paroled.
>
> Therefore, the purposes of a court's parole-revocation hearing—the revocation court's tasks—are to determine whether the parolee violated parole and, if so, whether parole remains a viable means of rehabilitating the defendant and deterring future

- 5 -

antisocial conduct, or whether revocation, and thus recommitment, are in order. The Commonwealth must prove the violation by a preponderance of the evidence and, once it does so, the decision to revoke parole is a matter for the court's discretion. In the exercise of that discretion, a conviction for a new crime is a legally sufficient basis to revoke parole.

Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement. Accordingly, an appeal of a parole revocation is not an appeal of the discretionary aspects of sentence.

As such, a defendant appealing recommitment cannot contend, for example, that the sentence is harsh and excessive. Such a claim might implicate discretionary sentencing but it is improper in a parole-revocation appeal. Similarly, it is inappropriate for a parole-revocation appellant to challenge the sentence by arguing that the court failed to consider mitigating factors or failed to place reasons for sentence on the record. Challenges of those types again implicate the discretionary aspects of the underlying sentence, not the legal propriety of revoking parole.

*Commonwealth v. Kalichak*, 943 A.2d 285, 290-291 (Pa. Super. 2008) (citations and footnote omitted). Based on these considerations we agree Appellant's discretionary aspect of sentence claim is frivolous.

Relative to Appellant's assertion that his sentence was illegally made to run consecutive to the Northampton County sentence, we conclude this issue is also frivolous. This Court has held that a trial court may properly order the sentence remaining to be served following a parole revocation to run consecutive to a separate sentence imposed while the appellant was on

parole. ***Commonwealth v. Ortiz***, 745 A.2d 662, 665-666 (Pa. Super. 2000), *appeal denied*, 795 A.2d 973 (Pa. 2000); ***cf. Commonwealth v. Sharpe***, 665 A.2d 1194, 1196-1197 (Pa. Super. 1995) (holding that imposition of consecutive sentences after a parole violation that were **previously ordered** to run concurrently was an illegal sentence).

In light of all the foregoing, we conclude all of Appellant's issues on appeal are frivolous. ***See Santiago***, ***supra***. We therefore grant counsel's petition to withdraw as counsel and affirm the June 24, 2014 judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/11/2015