J-S74036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| KAREEM GORDON | |
| Appellant | No. 3791 EDA 2016 |

Appeal from the Judgment of Sentence November 9, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011236-2013

BEFORE: BOWES, J., LAZARUS, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.: **FILED FEBRUARY 12, 2018**

Appellant, Kareem Gordon, appeals from the judgment of sentence imposed November 9, 2016, following the revocation of his parole and his re-sentencing to thirty-five to seventy months of incarceration. We vacate Appellant's sentence and remand for resentencing.

We adopt the following statement of facts from a prior memorandum of this Court:

> On July 16, 2014, Appellant entered a negotiated guilty plea on four counts: Count 1 – Firearms not to be carried without a license; Count 2 – Carrying firearms in public in Philadelphia; Count 4 - Fleeing or attempting to elude an officer; and Count 5 - Possession of a firearm by a prohibited person. [1] An order of *nolle prosequi* was entered as to Count 3. In accordance with plea negotiations, Appellant was sentenced to eleven and one-half to twenty-three months of incarceration followed by three years' reporting probation on Count 1 and five years' consecutive probation on Count 4. As to Counts 2 and 5, there was a determination of guilt without further penalty.

> [1] Respectively, 18 Pa.C.S.A §§ 6106, 6108, 75 Pa.C.S.A. § 3733, and 18 Pa.C.S.A. § 6105.

Appellant was paroled on September 18, 2014. However, on October 4, 2014, Appellant was arrested for possession of a firearm by Officer Robert McCuen. The Commonwealth then moved for revocation of Appellant's parole . . .

At the conclusion of the hearing, the trial court determined Appellant had violated his parole. The trial court resentenced Appellant following the violation hearing as follows:

> Count 1 – Firearms not to be carried without a license (18 Pa.C.S. § 6106): parole revoked and 2 ½ - 5 years incarceration.
>
> Count 2 – Carrying firearm in public in Philadelphia (18 Pa.C.S. §6108): 2 ½ - 5 years incarceration, concurrent with Count 1;
>
> Count 4 – Fleeing or attempting to elude an officer (75 Pa.C.S. §3733): 5 years probation consecutive to Count 1; and
>
> Count 5 – Possession of a firearm by prohibited person (18 Pa.C.S. § 6105): 2 ½ - 5 years incarceration, consecutive to Count 1.

Appellant timely filed a notice of appeal and, as ordered by the trial court, a Pa.R.A.P. 1925(b) statement. The trial court issued a Pa.R.A.P. 1925(a) opinion.

*See Commonwealth v. Gordon*, 154 A.3d 845, *1-4 (Pa. Super. 2016) (unpublished memorandum). On appeal, we vacated Appellant's sentence and remanded for resentencing, as the trial court had imposed an illegal sentence. *Id.* at 6-7 (finding that the court had imposed sentences on two counts for which Appellant had originally received a sentence of guilty with no

further penalty, and the thirty-day period for altering or modifying Appellant's sentence had passed).

On November 8, 2016, the sentencing court resentenced Appellant to serve a balance of confinement on the sentence imposed July 16, 2014, followed by a consecutive sentence of twenty-five to fifty months of incarceration, followed by five years of consecutive reporting probation. On November 9, 2016, the court modified Appellant's sentence to a balance of the sentence imposed July 16, 2014, followed by a consecutive sentence of thirty-five to seventy months of incarceration, with credit for time served from October 4, 2016, to November 8, 2016.

Appellant timely appealed. Both the trial court and Appellant have complied with Pa.R.A.P. 1925(b).

On appeal, Appellant raises a single issue. Essentially, Appellant contends his sentence is illegal because the court sentenced him to a term greater than the lawful maximum. *See* Appellant's Brief at 12-14. According to Appellant, he should have been sentenced to no more than thirty and one-half to sixty-one months of incarceration. For the following reasons, we agree.[1]

Appellant's original sentence consisted of a period of incarceration followed by a period of probation. During the original revocation hearing in 2014, both parole and probation were revoked.

_____

[1] Both the sentencing court and the Commonwealth agree and request remand. *See* TCO at 3-4; Commonwealth's Brief at 7-8.

Parole revocation does not involve the imposition of a new sentence; the only option for a court that decides to revoke parole is to "recommit the defendant to serve the already-imposed, original sentence." **See Commonwealth v. Kalichak**, 943 A.2d 285, 290 (Pa. Super. 2008).

Upon revocation of probation, the sentencing alternatives available to the court are the same as were available at the time of the initial sentencing. **See** 42 Pa.C.S. § 9771. However, the court may not impose a new sentence resulting in the defendant's incarceration beyond the statutory maximum for the crimes committed. **See Commonwealth v. Crump**, 995 A.2d 1280, 1284 (Pa. Super. 2010). Thus, a probation revocation sentence is illegal if it exceeds the statutory maximum after factoring in the defendant's time served. **Id.** at 1285.

In parole revocation cases, our standard of review is limited to whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement. **Commonwealth v. Kalichak**, 943 A.2d 285, 291 (Pa. Super. 2008). In probation revocation cases, our standard of review is limited to determining the validity of the revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. **See Commonwealth v. Hoover**, 909 A.2d 321, 322-23 (Pa. Super. 2006). Where an illegal sentence is imposed following parole or probation revocation hearings, we will remand for resentencing. **See**

*Commonwealth v. Sharpe*, 665 A.2d 1194, 1197 (Pa. Super. 1995); *see also Commonwealth v. Infante*, 63 A.3d 258, 368 (Pa. Super. 2013).

Here, Appellant's conviction for firearms not to be carried without a license is a felony of the third degree and carries a maximum penalty of seven years in prison, or eighty-four months. *See* 18 Pa.C.S. § 6106(a)(1); 18 Pa.C.S. § 1103. His original sentence was not less than eleven and one-half months to not more than twenty-three months of incarceration, followed by three years of probation. The court was free to sentence Appellant to his remaining back time on the parole violation, and the difference between eighty-four months and twenty-three months for the probationary violation. Thus, the court could sentence Appellant to a minimum of thirty and one half-months to sixty-one months. Accordingly, his sentence of thirty-five to seventy months of incarceration is illegal. Thus, we vacate Appellant's sentence and remand for resentencing. *Sharpe*, 665 A.2d at 1197.

Judgment of sentence vacated. Remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/18