J-S30014-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ERIC MARCED | : | |
| Appellant | : | No. 771 EDA 2025 |

Appeal from the PCRA Order Entered February 27, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0608741-2004

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ERIC MARCED | : | |
| Appellant | : | No. 772 EDA 2025 |

Appeal from the PCRA Order Entered February 27, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0608751-2004

BEFORE:   OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED NOVEMBER 19, 2025**

Appellant, Eric Marced, appeals *pro se* from the February 27, 2025 order entered in the Court of Common Pleas of Philadelphia County that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

This Court previously summarized the procedural posture, in part, as follows:

On January 21, 2005, after a bench trial, the trial court convicted Appellant of two counts of aggravated assault, two counts of simple assault, and one count of recklessly endangering another person [("REAP")] at [trial court] docket CP-51-CR-0608741-2004 [("Case 608741")]. On [that] same date, the trial court convicted Appellant of burglary, aggravated assault, criminal mischief, criminal trespass, simple assault, REAP, and conspiracy at [trial court] docket CP-51-CR-0608751-2004 [("Case 608751")].

At the sentencing hearing held on March 15, 2005, the trial court sentenced Appellant at [Case 608741] to five to ten years' imprisonment for one count of aggravated assault to be followed by ten years' probation for the second count of aggravated assault[. No further penalties were imposed on the remaining convictions at Case 608741. At Case 608751,] the trial court sentenced Appellant to two and a half to five years' imprisonment for burglary to be followed by ten years' probation for aggravated assault[. No further penalties were imposed on the remaining convictions at Case 608751.]

As the sentences on the two [trial court] dockets were set to run concurrently, Appellant received an aggregate sentence of five to ten years' imprisonment to be followed by ten years of probation.

After Appellant was released from prison and began his probation, Appellant was arrested and charged in three new [criminal] cases. . . .

On April 21, 2016, after a violation of probation [("VOP")] hearing, the [trial] court found Appellant to be in violation of his probation and sentenced Appellant to ten to twenty years' imprisonment for the aggravated assault charge [at Case 608741,] as well as five to ten years' imprisonment for the aggravated assault charge [at Case 608751.] As these sentences were set to run consecutively, Appellant received an aggregate VOP sentence of fifteen to thirty years' confinement.

*Commonwealth v. Marced*, 283 A.3d 363, 2022 WL 2721433, at *1 (Pa. Super. filed Jul. 14, 2022) (unpublished memorandum). At the

resentencing hearing for his probation violations, Appellant was represented by Kristen Reifsnyder, Esquire ("Attorney Reifsnyder"). Appellant did not file a direct appeal.

On February 2, 2017, Appellant filed *pro se* a PCRA petition, his first. Brendan T. McGuigan, Esquire ("Attorney McGuigan") was appointed to represent Appellant. On November 30, 2018, Appellant filed an amended PCRA petition, which asserted claims that Appellant's sentences were illegal because the trial court failed to award proper credit for time served and the newly-imposed VOP sentences were set to run consecutively, instead of concurrently, as was the case with Appellant's original sentences. Amended PCRA Petition, 11/30/18, at ¶¶6-7. Appellant also asserted that Attorney Reifsnyder was ineffective in failing to object to the illegal sentences.[1] *Id.* at

_____

[1] Appellant's assertion that his VOP sentences were illegal was based on the fact that the sentences were set to run consecutively. Appellant maintained that the trial court was "bound by the original sentencing structure of concurrent sentences to impose concurrent sentences upon resentencing." Appellant's *Pro Se* Response to Rule 907 Notice, 8/21/19, at 5 (unpaginated), *relying on Commonwealth v. Sharpe*, 665 A.2d 1194 (Pa. Super. 1995). Appellant's reliance on *Sharpe* for the proposition that the trial court could not impose consecutive sentences upon finding Appellant violated his probation is misplaced. In *Sharp*, this Court held that, upon finding that Sharp violated his **parole**, the trial court was precluded from ordering that Sharpe's newly-imposed sentences be served consecutively when the original sentences were set to run concurrently because such a modification constituted an enhancement of sentence. *Sharpe*, 665 A.2d at 1197. The *Sharpe* Court noted, however, that a revocation of a sentence for a parole violation is different than a revocation of a sentence for a probation violation. *Id.* at 1196. When a defendant is found to have violated his or her **probation**, the trial court possesses the same sentencing alternatives that it had at the time of the initial sentencing, including the option to impose consecutive,

¶8. On July 29, 2019, the PCRA court purported to provide Appellant with notice, pursuant to Pennsylvania Rule of Criminal Procedure 907, of its intent to grant, in part, Appellant's petition as it pertained to the request to modify the credit awarded for time served, and deny, in part, Appellant's petition as it related to claims that the VOP sentences were illegal.[2]  Appellant filed *pro se* a response to the Rule 907 notice on August 21, 2019.  On August 26, 2019, the PCRA court denied Appellant's petition.

On January 23, 2020, Appellant filed *pro se* a "petition to file notice of appeal *nunc pro tunc*" that asked the PCRA court to reinstate his right to appeal the August 26, 2019 order on the ground that Appellant did not receive notice of the order denying his February 2, 2017 PCRA petition.  The PCRA court treated Appellant's petition as a PCRA petition, his second, and appointed W. Chris Montoya, Esquire ("Attorney Montoya") to represent

_____

verses concurrent sentences.  **Commonwealth v. Wallace**, 870 A.2d 838, 842-843 (Pa. 2005) (stating that, a trial court may impose a longer sentence upon resentencing after a revocation of probation); **see also** 42 Pa.C.S.A. § 9771(b) (stating, "upon revocation [of probation] the sentencing alternatives available to the [trial] court shall be the same as were available at the time of initial sentencing").

[2] More specifically, the document purporting to be the Rule 907 notice stated that Appellant's petition would be denied because the claims raised therein were without merit and the petition was untimely.  Rule 907 Notice, 7/29/19. Attached as part of the Rule 907 notice was a document captioned "PCRA Motion" stating that Appellant's petition was granted, in part, and denied, in part, as well as a PCRA court order in which the PCRA court ordered that Appellant receive credit for time served from August 9, 2011, to February 17, 2013, "regardless [of whether the time served] has already been applied to another case." **Id.**

Appellant. Attorney Montoya filed an amended PCRA petition on May 3, 2021. On June 28, 2021, the PCRA court granted the petition and restored Appellant's right to appeal the August 26, 2019 order *nunc pro tunc*. PCRA Order, 6/28/21. On July 19, 2021, Appellant filed a notice of appeal challenging the August 26, 2019 order denying his first PCRA petition. On July 14, 2022, this Court affirmed the August 26, 2019 order denying Appellant's first PCRA petition. *Marced*, 283 A.3d 363, 2022 WL 2721433, at *1.

On April 24, 2023, Appellant filed *pro se* his third PCRA petition asserting, *inter alia*, that he was unable to file a petition for allowance of appeal with our Supreme Court after this Court affirmed the August 26, 2019 order denying his first PCRA because Attorney Montoya abandoned him. *Pro Se* PCRA Petition, 4/24/23, at §5. Appellant requested that the PCRA court restore his right to file a petition for allowance of appeal *nunc pro tunc*. **Id.** at §15. Peter Levin, Esquire ("Attorney Levin") was appointed to represent Appellant and subsequently filed an amended petition on October 10, 2023. In the amended petition, Appellant asserted that Attorney Montoya was ineffective in failing to file a petition for allowance of appeal and requested that the PCRA court restore his right to file such a petition *nunc pro tunc*. Amended PCRA Petition, 10/10/23, at 6. On January 8, 2024, the PCRA court granted Appellant's petition. On February 6, 2024, Appellant filed a petition for allowance of appeal, which our Supreme Court denied on July 1, 2024. **Commonwealth v. Marced**, 321 A.3d 873 (Pa. 2024) (38 EAL 2024); **see also Commonwealth v. Marced**, 321 A.3d 873 (Pa. 2024) (39 EAL 2024).

- 5 -

On August 7, 2024, Appellant filed *pro se* the instant PCRA petition, his fourth. In his *pro se* petition, Appellant asserts that Attorney Levin was ineffective in failing to raise ineffectiveness claims related to Attorney Montoya and Attorney McGuigan, who, in turn, were, according to Appellant, ineffective in failing to raise an ineffectiveness claim regarding Attorney Reifsnyder's failure to file a direct appeal after Appellant was resentenced for violating his probation. *Pro Se* PCRA Petition, 8/7/24, at §5. On December 16, 2024, the PCRA court provided Appellant notice of its intent to dismiss his petition pursuant to Rule 907 on the grounds that the petition was untimely and failed to plead and prove an exception to the jurisdictional time-bar. Rule 907 Notice, 12/16/24. On December 31, 2024, Appellant filed *pro se* a response to the Rule 907 notice. On February 3, 2025, the PCRA court denied Appellant's petition. PCRA Court Order, 2/3/25. On February 27, 2025, the PCRA vacated its February 3, 2025 order denying Appellant's petition.[3] PCRA Court Order, 2/27/25. In a separate order entered that same day, the PCRA

---

[3] In its opinion filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), the PCRA court explained that a copy of the February 3, 2025 order, denying the petition, was sent to Appellant *via* certified mail but the mailing was returned to the PCRA court as undeliverable. PCRA Court Opinion, 4/15/25, at 3. The PCRA court vacated the February 3, 2025 order and issued a subsequent order on February 27, 2025, so as to provide Appellant proper notice of the decision to deny his petition. **Id.**

denied Appellant's petition as untimely. PCRA Court Order, 2/27/25. This appeal followed.[4]

Appellant raises *pro se* the following issue for our review:

Whether Appellant is entitled to PCRA relief since PCRA counsel was ineffective [in] failing to litigate prior PCRA counsel's ineffectiveness for [failure] to raise the issue [that VOP] counsel was ineffective [in] failing to raise [a] discretionary challenge to Appellant's sentence[s]?

Appellant's Brief at 3.

Our scope and standard of review of an order denying a PCRA petition is well-settled. Proper appellate review of a PCRA court's dismissal of a petition is limited to an examination of "whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." ***Commonwealth v. Hickman***, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted). In contrast, we review the PCRA court's legal conclusions *de novo*.

---

[4] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b). The PCRA court filed its Rule 1925(a) opinion on April 15, 2025.

*Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).

If a PCRA petition is untimely, courts lack jurisdiction over the claims and cannot grant relief. *Commonwealth v. Reid*, 235 A.3d 1124, 1143 (Pa. 2020) (stating, "[w]ithout jurisdiction, [courts] simply do not have legal authority to address the substantive claims" (citation and original quotation marks omitted)). As discussed *supra*, Appellant was resentenced on April 21, 2016, upon a finding that he violated the terms of his probation. Appellant did not appeal his VOP sentences. As such, Appellant's judgments of sentence became final on Monday, May 23, 2016, upon expiration of time to file an appeal with this Court. 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); *see also* Pa.R.A.P. 903(c)(3) (stating, "[i]n a criminal case in which no post-sentence motion has been filed, the notice of appeal shall be filed within 30 days of the imposition of the judgment of sentence in open court"); 1 Pa.C.S.A. § 1908 (stating that, whenever the last day of any period of time referred to in a statute "shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation").

To be timely filed, a PCRA petition, including second and subsequent petitions, must be filed within one year of the date a petitioner's judgment of

sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). Therefore, Appellant had until Tuesday, May 23, 2017, to file a timely PCRA petition. Appellant filed the instant serial petition on August 7, 2024, more than seven years after the deadline for filing a timely PCRA petition. Consequently, Appellant's petition is patently untimely.

If a PCRA petition is untimely, the jurisdictional time-bar can only be overcome if the petitioner alleges and proves one of the three statutory exceptions, as set forth in 42 Pa.C.S.A. § 9545(b)(1). *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). The three narrow statutory exceptions to the one-year jurisdictional time-bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly[-]discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-234 (Pa. Super. 2012), *citing* 42 Pa.C.S.A. § 9545(b)(1)(i - iii). A petition invoking an exception to the jurisdictional time-bar must be filed within one year of the date that the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). If a petitioner fails to invoke a valid exception to the PCRA time-bar, courts are without jurisdiction to review the petition and provide relief. *Spotz*, 171 A.3d at 676.

In his petition, Appellant purports to invoke the newly-discovered facts exception to the jurisdictional time-bar. *Pro Se* PCRA Petition, 8/7/24, at §9 (stating, "[p]ursuant to [Section] 9645(b)(1)(ii), the instant petition must be considered timely filed within one year of [July 1, 2024, which is Appellant's] first opportunity to raise PCRA counsel's ineffectiveness"); *see also Pro Se*

Response to Rule 907 Notice, 12/31/24, at ¶9 (asserting that, "his petition falls within the 'newly discovered [facts]' exception to the timeliness requirement pursuant to 42 Pa.C.S.A. § 9545(b)(1)(ii)"). Appellant contends that Attorney Reifsnyder was ineffective in failing to file a post-sentence motion or pursue a direct appeal challenging his VOP sentences, namely because Appellant's original sentences were set to run concurrently and, upon resentencing Appellant for his probation violation, the trial court imposed consecutive sentences. Appellant further contends that PCRA counsel, Attorney McGuigan and Attorney Montoya, were ineffective in failing to raise Attorney Reifsnyder's alleged ineffectiveness in Appellant's prior PCRA petitions and that Attorney Levin was ineffective in failing to raise prior PCRA counsels' alleged ineffectiveness. Appellant asserts that Attorney Levin's ineffectiveness constitutes a "fact" for purpose of satisfying the newly-discovered facts exception to the jurisdictional time-bar and that PCRA counsel's ineffectiveness was previously unknown to him until after our Supreme Court denied his petition for allowance of appeal on July 1, 2024. *Pro Se* Response to Rule 907 Notice, 12/31/24, at ¶7 (stating, "the instant petition must be considered timely filed within one year of July 1, 2024, which is [Appellant's] first opportunity to raise PCRA counsel's ineffectiveness"); ***see also*** *Pro Se* PCRA Petition, 8/7/24, at §9. To support the assertion that his petition was timely, Appellant relies on our Supreme Court's decision in

***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021).[5]  *Pro Se* Response to Rule 907 Notice, 12/31/24, at ¶20 (stating, "[t]he issuance of [the decision in] ***Bradley*** supports the timeliness of the instant PCRA petition where raising claims of PCRA counsel's ineffectiveness [] had not been cognizable under pre-***Bradley*** law").

To invoke the newly-discovered facts exception, a petitioner must plead and prove facts that were "unknown" to him or her, and that he or she could not uncover such facts with the exercise of "due diligence."  ***Commonwealth v. Bennett***, 930 A.2d 1264, 1274 (Pa. 2007); ***see also Commonwealth v. Small***, 238 A.3d 1267, 1271 (Pa. 2020) (stating that, the newly-discovered facts exception "renders a petition timely when the petitioner establishes that the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence").  In ***Bradley***, our Supreme Court rejected the argument that "a petitioner's 'discovery' of [] PCRA counsel's ineffectiveness constitutes a 'new fact' that was unknown to petitioner" for purposes of satisfying the newly-discovered

---

[5] Our Supreme Court in ***Bradley*** "addressed the dilemma of when a defendant may raise claims of ineffective assistance of PCRA counsel and held that such claims may be raised for the first time during an appeal from the denial of a **timely filed first PCRA petition** where the PCRA counsel in question represented the defendant until the appeal."  ***Commonwealth v. Stahl***, 292 A.3d 1130, 1136 (Pa. Super. 2023) (emphasis added), *citing* ***Bradley***, 261 A.3d at 401-405.  The ***Bradley*** Court held that a claim of PCRA counsel ineffectiveness raised for the first time on collateral appeal did not violate the one-year jurisdictional time-bar because such a claim "sprang" from the original, timely PCRA petition and did not constitute a second or subsequent petition.  ***Bradley***, 261 A.3d at 402, 404.

facts exception to the one-year jurisdictional time-bar. *Bradley*, 261 A.3d at 404 n.18; *see also Stahl*, 292 A.3d at 1136 (stating, "[n]othing in *Bradley* creates a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right"); *Commonwealth v. Branthafer*, 315 A.3d 113, 123 (Pa. Super. 2024) (stating, "*Bradley* expanded the opportunities afforded a petitioner to raise ineffectiveness claims, albeit still requiring that the petitioner satisfy the jurisdictional one-year time-bar requirement"), *appeal denied*, 333 A.3d 1266 (Pa. 2025).

Here, Appellant asserts that Attorney Levin was ineffective in failing to raise a claim that prior PCRA counsel provided ineffective assistance of counsel and that prior PCRA counsel was ineffective for failure to assert claims that VOP counsel (Attorney Reifsnyder) was ineffective in failing to file a post-sentence motion or a direct appeal challenging Appellant's VOP sentences. Appellant's claim that PCRA counsel's ineffectiveness was unknown to him until July 1, 2024, cannot serve as a "fact" for purpose of the newly-discovered facts exception to the jurisdictional time-bar. *Bradley*, 261 A.3d at 404 n.18; *see also Stahl*, 292 A.3d at 1136; *Branthafer*, 315 A.3d at 123. Therefore, we concur with the PCRA court, and the record supports, that Appellant failed to plead and prove one of the exceptions to the jurisdictional time-bar enumerated in Section 9545(b)(1). Consequently, the

PCRA court was without jurisdiction to address Appellant's underlying claims, and this Court is without jurisdiction to address Appellant's claims on appeal.[6]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/19/2025

_____

[6] It is readily apparent that Appellant's assertion, at its core, is a multi-layered claim for ineffective assistance of PCRA counsel layered on top of VOP counsel's ineffectiveness. To the extent that Appellant asserts that VOP counsel's alleged ineffectiveness, *i.e.* the failure to file a post-sentence motion or pursue a direct appeal, was a newly-discovered fact for purpose of invoking the exception pursuant to Section 9545(b)(1)(ii), we find Appellant's assertion to be belied by the record. In his *pro se* petition filed on February 6, 2017, Appellant asserted that VOP counsel's failure "to rebut or object to the illegality of [his] sentence upon its imposition constitutes ineffective assistance of counsel." *Pro Se* PCRA Petition, 2/6/17, at §5; **see also** *Pro Se* response to Rule 907 Notice, 8/21/19, at ¶4 (stating, Appellant "raised the issues of [i]neffective [a]ssistance of [VOP c]ounsel for failure to object to [the] imposition of [an] illegal sentence, and illegality of sentence(s) in his PCRA petition"). Therefore, Appellant asserted that VOP counsel was ineffective in failing to challenge the VOP sentences as early as February 2017. Moreover, in the amended PCRA petition, Attorney McGuigan raised a claim of VOP counsel's ineffectiveness for failure to object to Appellant's VOP sentences. Amended PCRA Petition, 11/30/18, at ¶8.