J-A12034-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| KEITH MITCHELL | : | |
| Appellant | : | No. 1522 EDA 2025 |

Appeal from the Judgment of Sentence Entered June 5, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013349-2012

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| KEITH MITCHELL | : | |
| Appellant | : | No. 1524 EDA 2025 |

Appeal from the Judgment of Sentence Entered June 5, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009304-2021

BEFORE:   LAZARUS, P.J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JUNE 23, 2026**

Appellant, Keith Mitchell, appeals from the judgment of sentence entered in the Philadelphia Court of Common Pleas on June 5, 2025. We reverse and remand.

_____

[*] Former Justice specially assigned to the Superior Court.

The relevant facts and procedural history, as summarized by the trial court, are as follows:

> The Appellant, Keith Mitchell (hereinafter "Appellant") was found in technical violation of his supervision on two separate dockets. Appellant's conviction on transcript CP-51-CR-0013349-2012 (hereinafter "Matter 1") was for Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver. Appellant's conviction on transcript CP-51-CR0009304-2021 (hereinafter "Matter 2") was for Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver. . . . Appellant's procedural history for both matters is extensive, and therefore [the trial court] has summarize the relevant violation history below.
>
> On June 18, 2013, after pleading guilty to Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver in Matter 1, Appellant was sentenced to 11.5 to 23 months of incarceration followed by three years of probation. Appellant was immediately paroled to an inpatient treatment facility. Subsequent to several violations of Appellant's supervision the court continued his supervision on several occasions and resentenced him to a new term of five years of probation in two instances.
>
> On March 15, 2022, Appellant was sentenced to 11.5 to 23 months of incarceration followed by three years of probation, after pleading guilty to Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver in Matter 2. Appellant was immediately paroled to a treatment facility. This conviction constituted a violation of his supervision on Matter 1, and the court continued his supervision.
>
> A bench warrant for Appellant was issued on January 12, 2024, subsequent to a violation of his supervision for not reporting as directed. On March 8, 2024, a detainer was lodged, and the bench warrant was lifted. At the violation hearing on March 20, 2024, [the trial court] found Appellant in technical violation of his supervision for both matters. Appellant was sentenced to 3 to 23 months of incarceration with immediate parole to an inpatient treatment program, followed by 1 year of reporting probation, for both matters. The new sentences were ordered to run concurrent to one another.

Appellant was discharged from court-mandated inpatient treatment at Eagleville Hospital on May 1, 2025, and left his address of record without permission shortly thereafter. Contact notices were sent on May 6, 2024, May 20, 2024, and June 5, 2024, and Appellant failed to report as instructed at scheduled appointments with probation on May 2, 2024, May 20, 2024, June 5, 2024, and June 26, 2024. Appellant did not provide any verification of outpatient treatment and gainful employment that [the trial court] imposed as conditions of his supervision. Appellant also had not made any payments toward court-mandated fines and costs. A bench warrant for Appellant was issued on July 8, 2024, subsequent to another violation of his supervision. On July 17, 2024, a detainer was lodged, and the bench warrant was lifted. At the violation hearing on February 13, 2025, Appellant was found in technical violation. The violation occurred while Appellant was still on the parole period of his supervision. [The trial court] revoked Appellant's parole and sentenced him to the balance of his back-time on both matters with the probation tails to remain. The sentences imposed by [the trial court] were ordered to run consecutive to each other.

On April 25, 2025, defense counsel filed a Motion for Extraordinary Relief on behalf of Appellant. At a motions hearing on June 5, 2025, [the trial court] denied an untimely motion for reconsideration. On June 16, 2025, counsel for Appellant filed a timely notice of appeal from [the trial court]'s June 5, 2025, denial of his April 25, 2025 Motion to Vacate Illegal Sentence. Pursuant to a Pa.R.A.P. 1925(b) order issued on June 18, 2025, Appellant filed a timely Statement of Errors Complained of on Appeal on July 9, 2025[.]

Tr. Ct. Op. at 1-3 (footnotes omitted). On August 8, 2025, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a). This appeal follows.

Appellant raises the following issues for our review:

A. Did the lower court illegally modify Appellant's sentence when, after revoking parole on two concurrent county prison sentences, it ordered one of those sentences to be served consecutively to each other, resulting in an aggregate state sentence?

B. Did the trial court err in denying Appellant's motion to vacate a patently illegal sentence?

- 3 -

Appellant's Br. at 2.

We begin with our standard of review. "An assertion that the trial court erroneously imposed an illegal sentence is a question of law and, as such, our scope of review is plenary and our standard of review is *de novo*." ***Commonwealth v. Williams***, 980 A.2d 667, 672 (Pa. Super. 2009). Following revocation of parole, the court is not free to give a new sentence; rather, upon revocation of parole, the only sentencing option available is recommitment to serve the balance of the term initially imposed. ***See Commonwealth v. Galletta***, 864 A.2d 532, 538 (Pa. Super. 2004).

Here, Appellant's probation and parole was revoked on both his 2012 docket and his 2021 docket more than once. On March 20, 2024, the trial court found Appellant in technical violation of his supervision and sentenced him to three to twenty-three months of incarceration with immediate parole to an inpatient treatment program, followed by one year of probation, for both matters. Previously, the sentences had never been ordered to run consecutively or concurrently with one another. Relevantly, however, at the time of this hearing, the court stated that the new sentences were ordered to run concurrent to one another. N.T., 3/20/24, at 9.

At Appellant's violation hearing on February 13, 2025, Appellant's parole was again revoked on both dockets, and Appellant was sentenced to the balance of his back-time on both matters. This time, the trial court ordered the sentences to run consecutively. Appellant challenges the court's authority

to "enhance" his sentences on February 13, 2025 by running them consecutively when the terms were previously ordered to run concurrently.

Appellant relies on **Commonwealth v. Sharpe**, 665 A.2d 1194 (Pa. Super. 1995) and **Commonwealth v. Bischof**, 616 A.2d 6 (Pa. Super. 1992). Faced with similar challenges in those cases, we observed that to "change sentences which were originally made to run concurrently to consecutive sentences constitutes an enhancement of sentence, which has certain constitutional implications." **Bischof**, 616 A.2d at 10. In addition to constitutional and double jeopardy implications, we recognized that such a change constitutes a modification of sentence, which a sentencing court only has jurisdiction to do within thirty days of the imposition of sentence. **Id.**, **Sharpe**, 665 A.2d at 1196. We held that after the revocation of parole in these circumstances, the appropriate sentence for a court to impose is for the defendant to serve the remaining, unexpired portion of his sentences with each to run concurrently. **Bischof**, 616 A.2d at 10; **Sharpe**, 665 A.2d at 1197.

Appellant argues that **Sharpe** and **Bischof** apply here and the court should have sentenced him concurrently. Appellant's Br. at 13-15. Accordingly, he argues that his sentences, ordered to run consecutively, are illegal. The Commonwealth as Appellee finds itself constrained to agree that Appellant is entitled to relief in the form of resentencing. Appellee's Br. at 7.

The trial court, on the other hand, distinguishes **Sharpe** and **Bischof** and finds this case more similar to **Commonwealth v. Burns**, 260 A.3d 114

(Pa. Super. 2021) (unpublished memorandum).[1] In that case, the appellant's parole was revoked across two dockets which had originally been sentenced on two separate days, years apart. Following the revocations, the court imposed new sentences and ordered them to run consecutively. Appellant challenged the "enlarging" of his punishment as illegal and untimely, citing **Sharpe**. **Id.** at *7. There, we affirmed the appellant's judgment of sentence and found that the trial court did not impose an illegal sentence by ordering him to serve his back time on both dockets consecutively because the sentences "*at no point*" were set to run concurrently to each other. **Id.** at *8 (emphasis added). We found that the appellant, although framing his argument as a concurrent-turned-consecutive illegal sentence, was actually attempting to receive double credit, which the trial court properly refused to grant. **Id**.

Here, relying **on Burns**, the trial court provides the following rationale for its sentence:

> In the instant matter, Appellant alleges that this [c]ourt ordered an illegal sentence of consecutive terms of back-time on two matters that were originally sentenced concurrent to one another. However, this [c]ourt rendered the original sentences of Matter 1 and Matter 2 nearly nine years apart and were not specifically ordered to run concurrent to each other. . . .
>
> Like **Burns**, this [c]ourt legally sentenced Appellant to serve the back-time of his sentences on a consecutive basis. Appellant

---

[1] We note that, pursuant to Pa.R.A.P. 126(b), unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value.

entered into negotiated guilty pleas for both Matter 1 and Matter 2 almost nine years apart. This [c]ourt diligently clarified at the sentencing hearing that the original sentences did not occur on the same day to check if the new sentences could run consecutively. Since the initial sentences in both matters were not ordered to run concurrently, this [c]ourt was permitted to sentence Appellant to serve the balance of his confinement on both matters in a consecutive fashion as a result of the parole violation. Therefore, this [c]ourt's judgment should be affirmed.

Tr. Ct. Op. at 6-7.

The trial court is correct that, like in **Burns**, the matters were initially sentenced separately, years apart, and not ordered to run consecutively or concurrently. However, following the revocation hearing in March 2024, the trial court ordered the parole sentences to run concurrently. Then, at the February 2025 revocation hearing, the court ordered the back time sentences to run consecutively. This appears analogous to **Bischof** and **Sharpe** where sentences that were previously imposed concurrently were sentenced to run consecutively.

Accordingly, we must decide if the controlling fact is that the initial sentences were imposed on different days and were not *at first* ordered to run concurrently, as the trial court indicates, or, if the controlling fact is that the sentences were *at some point* ordered to run concurrently, thus making the new consecutive sentences illegal, as Appellant and the Commonwealth indicate.

This Court finds that the controlling fact is that the parole sentences Appellant was serving at the time of his February 2025 revocation had *at some*

*point* been ordered to run concurrently. When Appellant was sentenced in March 2024, he was immediately placed on parole for both dockets, and the new sentences of three to twenty-three months' plus one year of probation were ordered to run concurrently. Accordingly, eleven months later, at the February 2025 revocation hearing, Appellant was still serving the parole portion under each docket. This distinction matters because

> where the court revokes a probationary sentence[, it] has the authority to modify the original probationary period by lengthening it and by adding reasonable conditions. **Commonwealth v. McBride**, 289 Pa. Super. 396, 433 A.2d 509 (1981). This is so because in those cases the order of probation is a conditional order and not a final order for double jeopardy purposes. **Commonwealth v. Miller**, 358 Pa. Super. 219, 516 A.2d 1263 (1986). However, in the instant case the court sought to modify, not a probationary period, but a fixed sentence. This it cannot do.

**Sharpe**, 665 A.2d at 1196 (Pa. Super. 1995) (citing **Bischof**, 616 A.2d at 10).

Although the original sentences and the sentences following various probation violation hearings on Appellant's 2012 docket were not ordered to run concurrently or consecutively to his 2021 docket, the parole sentences imposed in March 2024 *were* ordered to run concurrently. Thus, when he committed the violation leading to his February 2025 revocation hearing, he was serving *that* order of parole. Pursuant to **Sharpe**, the only option for the trial court was to sentence Appellant to serve his back time concurrently.

Additionally, it is well-established that upon the revocation of parole, the maximum sentence that can be imposed cannot exceed the maximum term under which a defendant was originally sentenced*. **See e.g.,**

***Commonwealth v. Coolbaugh***, 770 A.2d 788, 792 (Pa. Super. 2001). Here, the parole sentences that Appellant was serving at the time of his February 2025 revocation hearing were concurrent sentences of three to twenty-three months' followed by one year of probation. These sentences were imposed in March 2024, eleven months earlier. Accordingly, a maximum of twelve months of back time was unserved. To serve the balance of this back time consecutively on both matters would have lengthened his aggregate sentence to a twenty-four-month maximum, exceeding the maximum term under which Appellant was originally sentenced.

Accordingly, we find that the consecutive nature of Appellant's sentences is illegal and that the trial court erred in denying Appellant's motion to vacate sentence. We reverse the trial court's June 5, 2025, judgment of sentence and remand for resentencing consistent with this memorandum.

Judgment of sentence reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/23/2026